CHARLIE MIDDLETON v. TEXAS POWER '& LIGHT COMPANY.

No. 2744.   Decided April 26, 1916.

1.—Constitutional Law—Employers' Liability Act.

No one has a vested interest in the rules of the Common Law; it is within the power of the Legislature to change or repeal them.   (Pp. 107, 109.)

2.—Same—Right of Action—Employer.

An Act of the Legislature could not declare an employer not consenting to its provisions absolutely liable in damages for any injuries sustained by an employe in his service without reference to any wrong or breach of duty committed by the employer.   But an Act imposing such liability only on employers who accept it and are relieved from liability except under its terms is constitutional and valid.   (P. 107.)

3.—Same—Defenses.

Technical defenses to actions for negligence, such as those based on the doctrines of assumed risk, contributory negligence, or fellow servant, may be abrogated by statute, even as to employers not consenting, though a law depriving them of their fundamental rights, such as one making them liable for injuries not caused by their negligence or wrong, would be void.   (P. 107.)

4.—Constitutional Law—Employers' Liability Act—Employe.

The Employers' Liability Act, which substitutes a fixed liability to the injured employe, irrespective of the employer's negligence, and applies only to those who voluntarily accept or continue service under employers who have accepted such Act as governing liability for themselves and their employes, is valid as to the latter, who, by taking such employment waive their rights under the Common Law.   (Pp. 107, 108.)

5.—Same—Accidental Injury.

The Employers' Liability Act covers only the subject of "industrial accidents."   The Bill of Rights, Const., art. 1, sec. 13, places it beyond the power of the Legislature to deny redress in the courts for intentional injury to the person.   But as to redress for injuries given by the Common Law doctrine of negligence, this, like other Common Law rules, is subject to alteration by the Legislature.   (Pp. 109, 110.)

6.—Same—Title of Act.

The Employers' Liability Law (Act of April 16, 1913, Laws, 33d Leg., ch. 179, p. 429) has for its purpose one general object, and the title of the Act sufficiently expresses it.   (P. 110.)

7.—Employers' Liability Law—Industrial Accident Board—Judicial Power.

The Industrial Accident Board created by the Employers' Liability Law is but an administrative agency created for the proper execution of the Act, and is vested with no judicial power.   (P. 110.)

8.—Constitutional Law—Classification.

The classification of employes subject to the operation of the Employers' Liability Law, exempting from its operation railway employes, domestic servants, farm and gin laborers, and those of employers having less than five employes, can not be pronounced arbitrary or unreasonable, and must be held one which it was within the power of the Legislature to make.   (Pp. 110, 111.)

9.—Same—Trial by Jury.

Trial by jury (Const., art. 1, sec. 15) can not be claimed in an inquiry which is non-judicial in its character such as proceedings before the Industrial Acci-

dent Board, and is sufficiently secured to employes coming within the operation of the Employers' Liability Law, by the appeal to the courts from the findings of that board which is authorized by the Act. (P. 111.)

### 10.—Constitutional Law—Private Corporation.

The insurance association created by the Employers' Liability Law is merely an agency for the proper administration of that law. Though denominated by the Act, as matter of convenience, a corporation, it is in no sense a private corporation, nor, however called, an invasion of the constitutional inhibition against creating private corporations otherwise than under general law. (Const., art. 12, sec. 1.) (P. 111.)

### 11.—Employers' Liability Law—Constitutionality.

The Employers' Liability Law (Act of April 16, 1913, Laws, 33d Leg., ch. 179, p. 429) was a valid exercise of legislative power and not prohibited by any of the various restrictions upon the Legislature contained in the Constitution of the State. (P. 111.)

Questions certified from the Court of Civil Appeals for the Third District in an appeal from McLennan County.

Having reversed and remanded, on plaintiff's appeal, a judgment of the trial court dismissing his suit (178 S. W., 956) the court, on motion for rehearing, certify to the Supreme Court the constitutional questions here determined.

*Witt & Saunders* and *Chas. A. Braun,* for appellant.—The Employers' Liability Act contains subject matter of legislation not embraced in the title. Art. III, sec. 35, Constitution of State of Texas; Railway Co. v. Stokes, 91 S. W., 328; Railway Co. v. State, 113 S. W., 916; Railway Co. v. Lloyd, 132 S. W., 899; Sutherland on Statutory Construction (2nd ed.), secs. 120, 123 and 170; State v. Steelman, 66 N. J. L., 518; State v. Walker, 105 La., 492; Moses v. The Mayor, 52 Ala., 198; Anderson v. Milwaukee, 15 L. R. A., 830; Durkee v. Janesville, 26 Wis., 697; People v. Allen, 42 N. Y., 404; Beverly v. Waln, 57 N. J. L., 143.

"The Texas Employers' Insurance Association," created by the Act, is a private corporation. Art. XII, secs. 1 and 2, Constitution of State of Texas; Cook on Corporations (7th ed.), sec. 1; Words & Phrases, pp. 1608 and 5571; Black's Law Dictionary, 273; Randall v. Delaware & R. Canal Co., 21 Fed. Cas., 6, 11; Downing v. Indiana St. Board of Agriculture, 12 L. R. A., 664; Dunn v. Agricultural Society, 15 Am. St. Rep., 556; Ex parte Burk, 43 Am. Rep., 231; 36 Cyc., 985.

The Employers' Liability Act is a special law. Cordova v. State, 6 Texas App., 207; Smith v. State, 54 Texas Crim., 298; State v. Tolle, 71 Mo., 645; Smith v. State, 113 S. W., 289; Wallace v. Williams, 102 Texas, 395; Clark v. Finley, 73 Texas, 171; Unity v. Burroughs, 103 U. S., 447; Burnham v. Webster, 55 Mass., 266; State v. Cooley, 56 Minn., 540; Budds v. Hancock, 48 Atl., 1023; State v. Walker, 83 Minn., 295; State v. Somers, 6 L. R. A., 57; Johnson v. Milwaukee, 88 Wis., 383; Nichols v. Walter, 37 Minn., 264; State ex rel. Budd v. Hancock, 48 Atl., 1024, 66 N. J. L., 133.

Where an act of the Legislature vests judicial power in a body of men not elected by the people, the act is unconstitutional and void. Black's Law Dictionary, 284; Henderson v. Beaton, 52 Texas, 29; Pratt v. Breckenridge, 112 Ky., 1; Fuller v. Colfax Co., 14 Fed., 177-178; Dunn v. State, 35 Am. Dec., 54; 11 Cyc., 652; In re Allison, 10 L. R. A., 790; White Co. v. Gwin, 22 L. R. A., 402, 36 N. E., 237.

Where an act forces parties litigant to submit their differences to a so-called board of arbitration, it is an exercise of duress upon litigants, and is unconstitutional. Art. XVI, sec. 13, Constitution of State of Texas; Fox v. Mason's Fraternal Assn., 96 Wis., 390, 71 N. W., 364.

When an Act of the Legislature deprives parties litigant of their right to appeal, the same is unconstitutional. Art. V, sec. 1, Constitution of State of Texas; Borgnis v. Falk Co., 133 N. W., 209, 37 L. R. A. (N. S.), 498.

Where an Act of the Legislature grants exclusive jurisdiction to a court, depriving the constitutional courts of their jurisdiction, it is unconstitutional. Henderson v. Beaton, 52 Texas, 29, 41-42; art. V, secs. 8, 16 and 18, Constitution of State of Texas; Ex parte Coombs, 38 Texas Cr., 648, 44 S. W., 854; Ex parte Towles, 48 Texas, 414, 451; Harris Co. v. Stewart, 91 Texas, 133, 41 S. W., 651; Ex parte Wilbarger, 41 Texas Cr., 514, 55 S. W., 969.

Where an Act of the Legislature denies equal protection to all citizens it is void as being in conflict with both Federal and State Constitutions. Art. I, sec. 3, Constitution of State of Texas; 14th Amend. to United States Constitution; Ex parte Overstreet, 39 Texas Cr., 468, 46 S. W., 825; Poteet v. State, 41 Texas Cr., 268, 53 S. W., 869; Rainey v. State, 41 Texas Cr., 254, 53 S. W., 882; Ex parte Jones, 38 Texas Cr., 482, 43 S. W., 513; Jackson v. State, 117 S. W., 819; Ex parte Woods, 108 S. W., 1171; Gustafson v. State, 40 Texas Cr., 67, 48 S. W., 519; Railway Co. v. Wilson, 19 S. W., 912; Ex parte Brown, 38 Texas Cr., 295, 42 S. W., 554; Beaumont Traction Co. v. State, 122 S. W., 616; Owens v. State, 112 S. W., 1075; People ex rel. Farrington v. Mensching, 10 L. R. A. (N. S.), 625; Railway Co. v. State, 121 S. W., 930; Railway Co. v. Ellis, 70 Texas, 307, 7 S. W., 722; Yick Wo v. Hopkins, 118 U. S., 356; Connally v. Union Sewer Co., 184 U. S., 540; Nichols v. Walter, 37 Minn., 264, 33 N. W., 800; Bedford Quarries Co. v. Baugh, 80 N. E., 529; People ex rel. Hatch v. Reddon, 8 L. R. A. (N. S.), 314; Wright v. Hart, 2 L. R. A. (N. S.), 338; Ives v. South Buffalo, 34 L. R. A. (N. S.), 172.

The Act in question deprives the individual of his liberty and property without due process of law, thereby contravening the Fourteenth Amendment of the Constitution of the United States and being void. Cooley on Constitutional Limitations, pp. 432-433; Ryan v. City of McKinney, 53 Texas, 354; Railway Co. v. Ellis, 70 Texas, 307, 7 S. W., 722; Bennett v. Railway Co., 146 S. W., 353; Railway Co. v. State, 100 Texas, 420, 100 S. W., 766; Hutcheson v. Storrie, 92 Texas, 685, 51 S. W., 848; Allgeyer v. Louisiana, 165 U. S., 578; Wichita Elec. Co. v. Hinkley, 131 S. W., 1192; Lockner v. New York, 3 A. & E. Ann.,

1133, 198 U. S., 45; Armstrong v. Traylor, 87 Texas, 598, 30 S. W.; 440; Dibrell v. Morris, 89 Tenn., 497, 15 S. W., 92; Berthols v. O'Riley, 74 N. Y., 509, 30 Am. Rep., 323; Ziggler v. S. & N. Ry. Co., 58 Ala., 594; Ives v. S. Buffalo, 34 L. R. A. (N. S.), 162; Employers' Liability Case, 207 U. S., 463; Fisher v. Wood, 12 L. R. A. (N. S.), 707; People v. Williams, 12 L. R. A. (N. S.), 1130.

Where a law subjects a citizen of the State to disabilities in contracting, it is void and of no effect.  Brewster v. Miller Sons Co., 101 Ky., 368, 41 S. W., 301; Hundley v. Railway Co., 105 Ky., 162, 48 S. W., 429; Dibrell v. Morris, 89 Tenn., 497, 15 S. W., 92; Allgeyer v. Louisiana, 165 U. S., 578; State v. Julow, 129 Mo., 163; Gillespie v. People, 188 Ill., 176; State v. Kreutsberg, 114 Wis., 530; People v. Marcus, 185 N. Y., 257; Wallace v. Railway Co., 94 Ga., 732, 22 S. E., 579; State v. Bateman, 7 Ohio N. P. R., 478; Railway Co. v. Richland, 19 Wall., 548.

Where an Act deprives the persons on whom it operates of the right of trial by jury it is unconstitutional and void.  Railway Co. v. Morris & Crawford, 68 Texas, 61; art. I, sec. 15, Constitution of State of Texas; art. VII, amendment to U. S. Constitution; Ives v. South Buffalo, 34 L. R. A. (N. S.), 162; State ex rel. Davis-Smith v. Clausen, 37 L. R. A. (N. S.), 489.

The Act deprives the individual of his common law right of action and is, therefore, unconstitutional.  Hubbard v. Clark, 56 N. H., 155; Black's Law Dictionary, p. 25; 209 Mass., 607, 96 N. E., 309; Kentucky State Journal Co. v. Workmen's Comp. Board, 170 S. W., 1166.

An Act depriving a party of his day in court is unconstitutional. Ryan v. City of McKinney, 53 Texas, 354; Wynehamer v. People, 13 N. Y., 378; Colon v. Lisk, 43 N. Y. Supp., 364, 153 N. Y., 188, 47 N. E., 302; Wadsworth v. Union O. R. R. Co., 23 L. R. A., 812, 35 Pac., 515; East Kingston v. Towle, 2 Am. Rep., 174, 98 Am. Dec., 575; Fairchild v. Rich, 68 N. H., 202, 34 Atl., 692.

*Lawther, Pope & Mays, Homer R. Mitchell,* and *Spell & Sanford,* for appellee.—The Employers' Liability Act has but one subject, which is sufficiently expressed in its title.  Memphis Cot. Oil Co. v. Tolbert, 171 S. W., 309; Fahey v. State, 27 Cr. App., 158, 11 S. W., 108; Ex parte Herman, 45 Cr. App., 245, 77 S. W., 226; Nichols v. State, 32 Cr. App., 403, 23 S. W., 680; Joy v. City of Terrell, 138 S. W., 215; Newnom v. Williamson, 46 Cr. App., 617, 103 S. W., 656; Floeck v. State, 34 Cr. App., 314, 30 S. W., 394; Day Land & Cattle Co. v. State, 68 Texas, 527, 4 S. W., 865; Campbell v. Cook, 86 Texas, 634; Tadlock v. Eccles, 20 Texas, 793; Holden v. State, 1 Cr. App., 246; Ex parte Walsh, 59 Cr. App., 416, 129 S. W., 118; Stone v. Brown, 54 Texas, 341; McMeans v. Finley, 88 Texas, 521, 32 S. W., 524; Tabor v. State, 34 Cr. App., 631, 31 S. W., 662; Doeppenschmidt v. I. & G. N. Ry. Co., 100 Texas, 532, 101 S. W., 1080; Breen v. State, 44 Texas, 305; Railway Co. v. May, 194 U. S., 265, 267; Austin v. Railway Co., 45 Texas, 267; State v. Parker, 61 Texas, 267; Howth v. Greer, 40 Texas Civ.

App., 552, 90 S. W., 211; Giddings v. San Antonio, 47 Texas, 556; Gunter v. Mortgage Co., 82 Texas, 502; Ex parte Mabry, 5 Cr. App., 93; Fielder v. State, 49 S. W., 376.

"The Texas Employers' Insurance Association" is not a private corporation. Keel v. Board of Directors, 59 Ark., 513, 27 S. W., 590; Railway Co. v. Board of Directors of Levee Dist. No. 2, Jackson Co., 145 S. W., 892; State v. Stewart, 43 N. W., 947, 74 Wis., 620; Beach v. Leahy, 11 Kan., 23. On the nature of incorporated institutions belonging to the State, see ex rel. Little v. Board of Regents, 29 L. R. A., 378 (note).

"The Texas Employers' Insurance Association" is a public corporation. Words and Phrases, vol. VI, pp. 57 to 81, and cases cited; Words and Phrases, vol. IV (second series), "Public Corporations"; Smith v. Westcott, 17 R. I., 336, 22 Atl., 280, 13 L. R. A., 217; Prince William School Board v. Stuart, 80 Va., 64; People v. San Joaquin Valley Agri. Assn., 91 Pac., 740, 744, 151 Cal., 797; Hogan v. Hospital, 59 S. E., 944, 945, 63 W. Va., 84; Metcalf v. Merritt, 111 Pac., 505, 14 Cal. App., 244; State v. Irvine, 84 Pac., 90, 102, 14 Wyo., 318; Moscow v. Colson, 158 Fed., 199, 201; Augusta v. Augusta Water Dist., 63 Atl., 663, 664, 101 Me., 148; Regents v. Williams, 31 Am. Dec., 72; Tinsman v. Belvidere, etc., 26 N. J. L., 148, 69 Am. Dec., 565; Dunn v. Agri. Soc., 15 Am. St. Rep., 556.

The Employers' Liability Act is a general law. Smith v. State, 113 S. W., 289; Clark v. Finley, 93 Texas, 171, 54 S. W., 343; Reed v. Rogan, 94 Texas, 177, 59 S. W., 257; Brown v. State, 112 S. W., 80; Cravens v. State, 112 S. W., 29; Houston Elec. Co. v. Faroux, 125 S. W., 922; N. Tex. Traction Co. v. Danforth, 116 S. W., 148; Railway Co. v. May, 194 U. S., 267; Wheeler v. Philadelphia, 77 Pa. St., 338; State v. Toller, 71 Mo., 645; Healey v. Dudley, 5 Lans. (N. Y.), 115.

The Texas Employers' Liability Act does not vest judicial power in a body of men not elected by the people. Henderson v. Beaton, 52 Texas, 29; Borgnis v. Falk Co., 147 Wis., 327, 133 N. W., 209, 37 L. R. A. (N. S.), 501, and authorities cited; State ex rel. Yaple v. Creamer, 85 Ohio St., 349, 97 N. E., 602, 39 L. R. A. (N. S.), 700, and authorities cited; Reagan v. Farmers Loan & Trust Co., 154 U. S., 362; Reagan v. Mercantile Trust Co., 154 U. S., 413.

The Employers' Liability Act does not create, nor attempt to create, a court, nor to grant exclusive jurisdiction thereto of certain suits and causes of action, in violation of and in conflict with article V, sections 8, 16 and 19, of the Constitution of the State of Texas. Ex parte Willbarger, 41 Texas Cr., 514, 55 S. W., 969.

The Employers' Liability Act is not in conflict with section 3, article 1 of the Constitution of the State of Texas, nor in conflict with the Fourteenth Amendment to the Constitution of the United States, guaranteeing equal protection of the law to all citizens, prohibiting class legislation and the taking of property without due process of law. The Act is a valid exercise of the police power of the State. State ex rel. Davis-Smith Co. v. Clausen, 65 Wash., 156, 117 Pac., 1101, 37 L. R. A.

(N. S.), 466, and auhorities cited; Opinion of the Justices, 209 Mass., 607, 96 N. E., 308; Borgnis v. Falk Co., 147 Wis., 327, 133 N. W., 209, 37 L. R. A. (N. S.), 489, and authorities cited; State ex rel. Yaple v. Creamer, 85 Ohio St., 349, 97 N. E., 602, 39 L. R. A. (N. S.), 694, and authorities cited; Noble State Bank v. Haskell, 219 U. S., 104, 32 L. R. A. (N. S.), 1062; Assaria State Bank v. Dolley, 219 U. S., 21; Engel v. O'Malley, 219 U. S., 128; Mondon v. N. Y., N. H. & H. R. R., 223 U. S., 346; Munn v. Illinois, 94 U. S., 113-154; Holden v. Hardy, 169 U. S., 366; Holst v. Roe, 39 Ohio St., 340, 48 Am. Rep., 459; State v. Cassidy, 22 Minn., 312, 21 Am. Rep., 765; Ohio Oil Co. v. Indiana, 177 U. S., 211; Lemieux v. Young, 211 U. S., 489; Clark v. Nash, 198 U. S., 369; Fireman's Benev. Assn. v. Lounsbury, 21 Ill., 511, 74 Am. Dec., 115; Fire Department v. Helfenstein, 16 Wis., 136; Exempt Fireman's Fund v. Roome, 29 Hun (N. Y.), 391-394; Boyd's Workman's Compensation, secs. 79, 80, 81; License Cases, 5 How. (U. S.), 583.

No person has a vested right in any rule of the common law. Cooley on Constitutional Limitations, p. 438 et seq.; Borgnis v. Falk Co. (Wis.), 37 L. R. A. (N. S.), 504; State ex rel. Yaple v. Creamer (Ohio), 39 L. R. A. (N. S.), 699; Mondon v. N. Y., N. H. & H. R. R., 223 U. S., 346; Martin v. Pittsburg & L. E. R. Co., 203 U. S., 284; Munn v. Illinois, 94 U. S., 113; Kirby v. Penn. R. Co., 76 Pa., 506; Boyd's Workman's Compensation, secs. 72-73; Williams v. Galveston, 41 Texas Civ. App., 63, 90 S. W., 505; Sawyer v. El Paso & N. E. R. Co., 108 S. W., 718.

The right of trial by jury being incident to a right of action, when the latter is taken away by statute, nothing is left the former upon which to operate. State ex rel. Davis-Smith Co. v. Clausen (Wash.), 37 L. R. A. (N. S.), 486; State ex rel. Yaple v. Creamer (Ohio), 39 L. R. A. (N. S.), 700; Boyd's Workman's Compensation, sec. 98.

*Gregory, Batts & Brooks,* attorneys for the Texas Industrial Accident Board, filed a brief and argument in support of the constitutionality of the Employers' Liability Act, embracing the points and authorities following:

The rule to be applied.

1.   The Act should not be held unconstitutional unless clearly so: Lytle v. Halff, 75 Texas, 128; Brown v. City of Galveston, 97 Texas, 1.

2.   The Act should not be held unconstitutional unless it can be shown that it violates some provision of the Federal or State Constitution: Williams v. State, 108 S. W., 840; Park v. West, 111 S. W., 726; Logan v. State, 111 S. W., 1028; L. & A. Ry. Co. v. State, 106 S. W., 960; Lytle v. Halff, 75 Texas, 128; Bacon v. Walker, 204 U. S., 211; Brown v. City of Galveston, 97 Texas, 1.

The Act does not violate the Fourteenth Amendment to the Constitution of the United States or sections 2 or 19 of article I of the Constitution of Texas. Mondou v. N. Y., N. H. & H. R. R. Co., 223 U. S., 1; Davis-Smith Co. v. Clausen, 117 Pac., 1112, 65 Wash., 156; Cunningham v. N. W. Imp. Co., 119 Pac., 559; Borgnis v. Falk Co.,

133 N. W., 218; State v. Creamer, 85 Ohio St., 349, 97 N. E., 602; in re Opinion of Justices (Mass.), 96 N. E., 313.

1.    As changing the common law of property rights: Munn v. Illinois, 94 U. S., 113; Mondou v. N. Y., N. H. & H. R. R. Co., 223 U. S., 1; M. P. Ry. Co. v. Mackey, 127 U. S., 205; M. & St. L. R. Co. v. Herrick, 127 U. S., 210; C. K. & W. R. Co. v. Pontun, 157 U. S., 209; Tullis v. Lake Erie W. R. Co., 175 U. S., 209; Montana E. Co. v. Kline, 199 U. S., 593; Campbell, Rec., v. Cook, 86 Texas, 630; Chicago, etc., Ry. Co. v. Zernecke, 183 U. S., 582; St. L., etc., Ry. Co. v. Taylor, 210 U. S., 281; Johnson v. S. P. Co., 196 U. S., 1; M., K. & T. Ry. Co. v. Bailey, 115 S. W., 601; Austin R. T. Ry. Co. v. Groethe, 31 S. W., 197; Campbell v. Cook, 86 Texas, 630; G., H. & S. A. Ry. Co. v. Worthy, 27 S. W., 426, see 87 Texas, 459; G., H. & S. A. Ry. Co. v. Gibson, 54 S. W., 779; M., K. & T. Ry. Co. v. Smith, 99 S. W., 743; Ives v. South Buffalo Ry. Co., 201 N. Y., 271.

2.    As imposing liability without fault: Davis-Smith Co. v. Clausen, 117 Pac., 1107; A., T. & S. F. Ry. Co. v. Matthews, 174 U. S., 96; St. L. & S. F. Ry. Co. v. Mathews, 165 U. S., 1; Chicago, etc., R. R. Co. v. Zernecke, 183 U. S., 582; Texas & P. R. Co. v. Randle, 18 Texas Civ. App., 348; Texas Central Ry. Co. v. Childress, 64 Texas, 346; I. & G. N. Ry. Co. v. Shelton, 81 S. W., 794; G., C. & S. F. Ry. Co. v. Henderson, 38 Texas Civ. App., 419, 86 S. W., 371; St. L. & S. F. Ry. Co. v. Heyser, 130 S. W., 562; G., H. & S. A. Ry. Co. v. Johnson, 133 S. W., 725; M., K. & T. Ry. Co. v. Letot, 135 S. W., 656; M., K. & T. Ry. Co. v. Harriman, 128 S. W., 932; G., H. & S. A. Ry. Co. v. Piper Co., 115 S. W., 107.

3.    As imposing upon one person liability for the fault of another. Noble State Bank v. Haskell, 22 Okla., 48; Noble State Bank v. Haskell, 219 U. S., 104, 22 L. R. A. (N. S.), 1062; Ohio Oil Co. v. Indiana, 177 U. S., 190.

4.    As denying the equal protection of the laws. M. P. R. Co. v. Mackey, 127 U. S., 205; Pittsburg C. C. & St. R. Co. v. Ross, 212 U. S., 560; Mobile, I. & K. C. R. Co. v. Turnipsen, 219 U. S., 35; Lindsley v. Natural Carbonic Gas Co., 220 U. S., 61; State v. Creamer, 85 Ohio St., 349; St. Louis Com. Coal Co. v. Illinois, 185 U. S., 203; Borgnis v. Falk Co., 133 N. W., 209; State v. Haskell (Vt.), 34 L. R. A. (N. S.), 286; Otis v. Parker, 187 U. S., 606; M., K. & T. Ry. Co. v. May, 194 U. S., 267; Barbier v. Connally, 113 U. S., 27; Con. Coal Co. v. Illinois, 185 U. S., 203; Ozan Lumber Co. v. Union Co. Nat. Bank, 207 U. S., 257; Campbell v. Cook, 86 Texas, 630; Union Ins. Co. v. Chowning, 86 Texas, 654; Supreme Lodge, etc., v. Johnson, 98 Texas, 1; Railway Co. v. Smith, 99 S. W., 743; Railway Co. v. Groethe, 31 S. W., 798; M., K. & T. Ry. Co. v. Bailey, 115 S. W., 601; Texas Central Ry. Co. v. Hannan, 130 S. W., 520; Kreps v. Brady, 133 Pac., 216 (Okla); State v. T. & P. Ry. Co., 143 S. W., 223.

5.    As interfering with freedom of contract. Mondou v. N. Y., N. H. & H. R. R. Co., 223 U. S., 1; Chicago, B. & Q. R. Co. v. McQuin, 219 U. S., 549; Atlantic Coast Line R. Co. v. Mills, 219 U. S., 186;

B. & O. R. Co. v. I. C. C., 221 U. S., 612; Philadelphia, B. & W. R. Co. v. Schubert, 224 U. S., 603; St. L., I. M. & S. v. Conley, 110 C. C. A., 97; Zekos v. Oregon R. & Nav. Co., 179 Fed., 893.

6. As impairing vested rights. Williams v. City of Galveston, 90 S. W., 505, 41 Texas Civ. App., 63; Martin v. Pittsburg, etc., R. Co., 203 U. S., 284; Atchison, etc., Ry. Co. v. Sowers, 213 U. S., 55; Sawyer v. El Paso, etc., R. Co., 108 S. W., 719.

The Employers' Liability and Workman's Compensation Act of Texas has been passed in the valid exercise of the police power.

1. Extent of power. Noble State Bank v. Haskell, 219 U. S., 104; Camfield v. U. S., 167 U. S., 518; Ives v. South Buffalo Ry. Co., 201 N. Y., 271; C., B. & Q. Ry. Co. v. Illinois, 200 U. S., 561; Bacon v. Walker, 204 U. S., 211; Williams v. State, 108 S. W., 839; Lawton v. Steele, 152 U. S., 133; Sentell v. N. O., 166 U. S., 698; State v. Buchanan, 29 Wash., 602; El Paso, etc., R. Co. v. Foth, 100 S. W., 171, 101 Texas, 103, 59 L. R. A., 342; Houston, etc., Ry. Co. v. Dallas, 98 Texas, 396; S. A. Ry. Co. v. State, 79 Texas, 264; Whitener v. Belknap, 89 Texas, 273; Harris Co. v. Stewart, 91 Texas, 133; Brown v. Galveston, 97 Texas, 1; State v. Brownson, 94 Texas, 436.

2. The legislation is necessary and proper. Davis-Smith Co. v. Clausen, 117 Pac., 1107; Houston, etc., R. Co. v. Dallas, 98 Texas, 396; Borgnis v. Falk Co., 133 N. W., 209; report of New York Commission quoted in Ives v. South Buffalo Ry. Co., 94 N. E., 437.

3. The legislation is sanctioned by all civilized nations and must be regarded as reasonable and proper. Noble State Bank v. Haskell, 219 U. S., 104; Assaria State Bank v. Dolley, 219 U. S., 121; Davis-Smith Co. v. Clausen, 117 Pac., 1107.

4. The Act is a valid and constitutional exercise of the police power. State v. Creamer, 85 Ohio St., 349; Borgnis v. Falk Co., 133 N W., 223; Davis-Smith Co. v. Clausen, 117 Pac., 1112; Freeman v. Swan, 143 S. W., 724; State v. T. & P. Ry. Co., 143 S. W., 223.

The Act is not unconstitutional as violating article 2, section 1, and article 3 of the Constitution of Texas. Brown v. City of Galveston, 97 Texas, 1; Borgnis v. Falk Co., 133 N. W., 217; M., St. P., etc., Ry. Co. v. R. R. Com., 136 Wis., 146, 17 L. R. A. (N. S.), 821; State v. Creamer, 85 Ohio St., 349.

The Act is not unconstitutional as impairing the rights of trial by jury. Cunningham v. N. W. Imp. Co., 119 Pac., 564; Davis-Smith Co. v. Clausen, 117 Pac., 1105.

The Act is not unconstitutional as violating section 1 of article XII of the Constitution of Texas. St. L., I. M. & S. Ry. Co. v. Directors Levee Dist. No. 2, 145 S. W., 892; Cravens v. State, 122 S. W., 29; Houston Electric Co. v. Faroux, 125 S. W., 922.

The balance of the Act is not unconstitutional though a part may be held invalid. Freeman v. Swan, 143 S. W., 724; State v. Carter, 56 So., 974; Imperial Water Co. No. 1 v. Board, 120 Pac., 780; Hale v. McGilligan, 45 Pac., 1049; State v. Clausen, 117 Pac., 1101; Bluitt

v. State, 121 S. W., 168; Sturgeon v. City of Paris, 122 S. W., 967; Pecos R. R. Co. v. Reynolds Co., 135 S. W., 162.

*Mr. James Harrington Boyd,* special counsel for the Texas Power & Light Company, appellee, also filed written and printed arguments in support of the constitutionality of the Act. So also did *Mr. J. G. McGrady,* by leave, as representing parties interested similarly to appellee.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

In this case we are called upon to answer seventeen questions certified by the honorable Court of Civil Appeals for the Third District as to the constitutionality of the Act of the Thirty-third Legislature relating to the liability of employers and compensation of workmen for personal injuries. Apparently every possible constitutional question suggested by the Act has been embraced in the certificate, including some which the appellant was in no position to raise.

The Act contains many provisions and is, therefore, of considerable length. Instead of setting out its different sections, its evident purpose, operation and effect, will be stated to such extent as is necessary.

Its general purpose is to work an important change in the law in regard to the liability of employers for personal injuries to their employees, or for death resulting from such injuries, and the compensation afforded therefor to employees or their beneficiaries. It creates an employers' insurance association to which any employer of labor in the State, with certain exceptions, may become a subscriber. Out of the funds of this association, derived from the premiums upon policies of liability insurance by it issued to subscribing members and assessments authorized against them, if necessary, the compensation provided by the Act as due on account of personal injuries sustained by their employees, or on account of death resulting from personal injury, is to be paid. This compensation, fixed by the Act on the basis of the employee's average weekly wages, accrues to him absolutely upon his suffering any personal injury in the course of his employment which incapacitates him from earning full wages for as long a period as one week, or to his representatives or beneficiaries in the event of his death from the injury, whether or not due to the negligence of the employer or any of his servants, or agents; and is protected from all process or claims to the same extent as current wages under existing laws. It is the substitute intended and provided by the Act for damages ordinarily recoverable at common law or by statute on account of injuries suffered by an employee or because of his death, when due to the negligence of the employer or his servants; it being declared by the Act that the employee of a subscribing employer shall have no cause of action against him for damages for personal injuries, nor shall his representatives or beneficiaries in case of his death, except that exemplary damages may be recovered in an ordinary suit by the surviving husband, wife and heirs of any deceased employee whose death is caused by homicide through the wilful act or omission or gross negligence of his employer.

While any employer of labor within the State, with the exceptions provided, may become a subscriber and by complying with the Act be, except as to exemplary damages just noted, exempt from all common law or statutory liability on account of injuries suffered in his service by his employees, by the Act all employers who do not become subscribers, in a suit for damages on account of such injuries, or for death resulting therefrom, are deprived of the common law defenses of the negligence of a fellow servant and assumed risk, and, as an absolute defense, of contributory negligence on the part of the employee, as well; it being provided that the damages in such suits shall be diminished in proportion to the amount of any negligence atttributable to the employee, and that no employee shall be deemed guilty of contributory negligence where the violation by the employer of any statute enacted for the safety of employees contributed to his injury or death. It is declared, however, that in all such actions against a non-subscribing employer it shall be proved, as necessary to a recovery, that the injury to or death of the employee was due to the negligence of the employer, or some agent or servant acting for him within the general scope of his employment; and that where the injury was caused by the wilful intention of the employee to bring it about, the employer may defend upon that ground.

Wholly excepted from the operation of the Act are employers,—and their employees as well,—operating railways as common carriers, cotton gins, and those engaged in any class of business having in their employ not more than five employees. The Act likewise does not apply to employees who are domestic servants or farm laborers.

Every employer becoming a subscriber to the insurance association is required to give written or printed notice to all employees under contract of employment with him that he has provided for payment by the association of compensation for injuries received by them in the course of their employment.

Under certain conditions an employer holding a policy insuring against his liability, issued by any insurance company lawfully transacting a liability or accident insurance business within the State, shall be deemed a subscriber within the meaning of the Act.

There is also created by the Act and charged with its administration, a board of three members, whose duties are defined. In general, its province is the determination of disputed claims arising under the Act. If its decision is not accepted, suit may be brought upon the claim, or be required to be brought, against the association if the employer of the injured or deceased employee was a subscriber at the time of his injury or death, in a court of competent jurisdiction, which, however, shall adjudicate the questions of liability and compensation according to the provisions of the Act.

In brief, the operation of the Act, as to all employers of labor within the State not excepted by its terms, is this:

1. They may, at their election, become subscribers under the Act,

or what may be termed consenting members to its general scheme of liability and compensation, or remain without its pale.

2. If they become subscribers and give the required notice to that effect to their employees, they are exempt from all common law or other statutory liability for personal injury suffered by such employees in their service, except that for exemplary damages where an employee is killed through an employer's wilful act or omission or gross negligence, which may be defended against as under existing law.

3. If they do not become subscribers, they are amenable to suits for damages recoverable at common law or by statute on account of personal injuries suffered by their employees in the course of their employment, and are denied the right of making what constitute the common law defenses thereto. In such a suit, however, no recovery may be had against an employer except upon proof of his negligence, or negligence on the part of some agent or servant acting within the general scope of his employment; or where the employee wilfully caused his own injury.

As to employees, this is the effect of the Act: '

1. They are at liberty to work or not to work for employers who are, or who may become, subscribers under the Act.

2. If they enter the service of a subscribing employer, or remain in his service after written or printed notice given by him that he is such an employer, and are injured in the course of their employment, a stated compensation, based upon their average wages, is paid them therefor, or to their representatives or beneficiaries in the event of death from the injury, without regard to whether the employer is liable therefor as at common law, and, therefore, without the necessity of proving negligence, through an agency provided by the Act as the means of insuring such payment.

3. Such employees as are injured in the service of subscribing employers who comply with the Act, are denied all right of action therefor against such employers, as are the representatives and beneficiaries of deceased employees for injuries resulting in death, except that the surviving husband, wife and heirs of any such deceased employee killed through the wilful act or omission or gross negligence of such employer may maintain an action for exemplary damages on account of his death.

This being the operation of the Act upon employers and employees, the question that commands first attention in the consideration of its constitutionality is, does it violate any of their fundamental rights? This will be determined in the light of the several questions certified, without setting them out or attempting to answer them separately. As to employers, it is clear that no fundamental right is invaded. The Act leaves them free to adopt its plan of compensation, or remain ungoverned by it. The consequence attached to their not consenting to it, is the denial of the right, existing in common law actions, to interpose the common law defenses of fellow servant, assumed risk, and contributory negligence in suits for the recovery of damages for personal

injuries suffered by their employees in the course of their employment. But that is not a vested right or a right of property. Those defenses are but doctrines or rules of the common law. Rights of property which have been created by the common law can not be taken away by the Legislature. They are protected from destruction by any process except the due process of the law, that is, law in its regular course of administration through courts of justice. But no one has a vested interest in the rules, themselves, of the common law; and it is within the power of the Legislature to change them or entirely repeal them. Munn v. Illinois, 94 U. S., 113, 24 L. Ed., 77; Second Employers' Liability Cases, 223 U. S., 1, 56 L. Ed., 327, 38 L. R. A. (N. S.), 44.

A Legislature may in proper instances prescribe duties and penalize their breach through an authorization for the recovery of consequent damages. But it is wholly without any power to deny the citizen the right of making any defense when sued in the courts. There is no such thing in this country as taking one man's property without his consent and giving it to another by legislative edict. That is nothing less than confiscation by legislative decree. If this Act, therefore, had declared an employer not consenting to its provisions absolutely liable in damages at the suit of an employee for any injuries sustained by the latter in the employment, without reference to any wrong or breach of duty committed by the employer, it would have been void. Such a law would have amounted to a legislative forfeiture of property rights, regardless of the holding of any court upon the question. The Act in its effect would have been the same if it had sought to deprive the employer of all defenses to such a suit. The true rule is that while technical defenses may be abrogated by statute, those which affect a party's substantial equities may not be. Cooley, Const. Lim., 456; Maguiar v. Henry, 84 Ky., 1, 4 Am. St., 182; First School District v. Ufford, 52 Conn., 44. The defenses formerly available to an employer and abrogated by the Act are not of the latter character. Their operation in the common law action for damages is not to acquit the employer because of his having breached no duty and being without fault, but they deny recovery to the employee because of his conduct, or, under the fellow servant doctrine, because the act is that of a co-employee, and the consequences imputed to the employee for that reason as a rule of law. It was within the power of the Legislature to change the rule.

Employers who become subscribers under the Act voluntarily waive the right to have their liability determined in the courts. As to employers who remain without the Act, negligence on their part, or of some servant or agent acting in the scope of his employment, must be established to render them liable in a suit for injuries suffered by the employee. This is not the creation of an absolute liability against them. They may still defend and defeat the suit by disproving any negligence. The substantial defense to such actions is, therefore, not taken away. The Act, accordingly, deprives neither class of employers of any fundamental right. State v. Cramer, 85 Ohio St., 349, 39 L. R. A. (N. S.), 649, 97 N. E., 602; Opinion of Justices, 209 Mass., 607, 96

N. E., 308; *Borgnis v. Falk Co.,* 147 Wis., 327, 37 L. R. A. (N. S.), 489, 133 N. W., 209; *Jeffery Manufacturing Co. v. Blagg,* 235 U. S., 571, 59 L. Ed., 364.

The effect of the Act upon the rights of employees can not be properly weighed or determined without a due consideration of its aim and policy in their interest. Its theory, as it concerns them, is that the plan of compensation it provides for their injuries suffered in the course of their employment is more advantageous than a suit for damages. In the latter, the employee is compelled to assume the burden of establishing that his injury was caused by the employer's negligence or the negligence of a servant for which the employer is responsible. His suit fails if it is subject to any of the common law defenses, that is, if his own negligence was the proximate cause of the injury, or if the injury was due to a risk he assumed, or the negligence of a fellow servant. By the Act a fixed compensation is payable to him upon the mere happening of any injury in the course of the employment, or to his beneficiaries in the event of his death from the injury, without reference to any negligence on the part of the employer or his servants, and without regard to defenses available to the employer at common law.

With this as the evident spirit and design of the Act in the employee's interest, his entering the service of an employer who in his business pursuit is governed by the Act, or his remaining, after notice duly given, in the service of an employer who has adopted its plan of compensation and become subject to it, is made to operate as a waiver of any cause of action against the employer on account of any injury suffered in the course of the employment, except for exemplary damages in behalf of a surviving husband, wife, or heirs, as already noted.

Does this deprive the employee of any vested right or property right? It is clear that it takes from him no property right. A *vested* right of action given by the principles of the common law is a property right, and is protected by the Constitution as is other property. The Act, however, does not profess to deal with rights of action accruing before its passage. That which is withdrawn from the employee is merely his right of action against the employer, as determined by the rules of the common law, in the event of his future injury. This is nothing more or less than a denial to him by the Legislature of certain rules of the common law for the future determination of the employer's liability to him for personal injuries incurred in the latter's service, and, in the plan of compensation provided, the substitution by the Legislature of another law governing such liability and providing a different remedy. The question is: Was the Legislature without the power to thus completely change the law upon the subject? This inquiry has no concern in the wisdom of the change; it takes no account of the reason for it; it is limited to the naked question of the Legislature's power.

That the Legislature possessed the power, must be conceded, unless it be true that the employee is protected by the Constitution in the continuance of the rules of the common law for his benefit in the determination of the employer's liability for such injuries as those with

which the Act deals. That no one has a vested right in the continuance of present laws in relation to a particular subject, is a fundamental proposition; it is not open to challenge. The laws may be changed by the Legislature so long as they do not destroy or prevent an adequate enforcement of vested rights. There can not be a vested right, or a property right, in a mere rule of law.

Here the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited. Its emergency clause declares its aim to be the protection by an adequate law of the rights of employees injured in "industrial accidents," and the beneficiaries of such employees as may be killed "in such accidents." The Bill of Rights, section 13, article I, of the Constitution, provides that "every person for any injury done him, in his lands, goods, person or reputation, shall have his remedy by due course of law"; that is, the right of redress in the courts of the land in accordance with the law's administration. It is, therefore, not to be doubted that the Legislature is without the power to deny the citizen the right to resort to the courts for the redress of any intentional injury to his person by another. Such a cause of action may be said to be protected by the Constitution and could not be taken away; nor could the use of the courts for its enforcement be destroyed. This Act does not affect the right of redress for that class of wrongs. The injuries, or wrongs, with which it deals are accidental injuries or wrongs. What we know and denominate as the cause of action arising from an accidental injury is purely the creation of the common law. It is a common law liability founded upon the common law doctrine of negligence; and but for the rule of the common law,— sometimes also expressed in statutes,—there would be no liability for such an injury, and hence no cause of action for it.

Therefore, in denying the employee of a subscribing employer, or his beneficiaries, any cause of action for accidental injuries, this Act simply changes the common law rule of liability upon the subject. It in effect declares that such employers shall no longer be liable as under that rule, but shall be liable according to the rule prescribed by the Act. If the Legislature in the performance of its function of declaring what the law shall be, is authorized to change and repeal the rules of the common law upon other subjects, as is undoubted and has been done in numerous and notable instances, wherein is its power to change this common law rule to be denied? If it may entirely abrogate the common law rule of contributory negligence, thus relieving the employee of all consequence of his negligence, and transferring it, in effect, to the employer, what is there, as a matter of purely legislative authority, to prevent its relieving the employer of the consequence of his negligence and, in particular, the negligence of his servants, and determining that he shall compensate his employee for accidental injuries received in his service according to a different rule, through another remedy, and in its judgment by a better plan? If, in a word, it may

declare that contributory negligence shall no longer be a defense, may it not also declare, as to purely accidental injuries, that negligence shall no longer be actionable? If it may change defensive common law rules, may it not also change a common law rule of liability? The power of the Legislature can not exist in the one instance and not in the other. In virtue of its authority to enact laws, and, in doing so, to supersede common law rules where it deems such action wise, it exists in both; and it was in our opinion, therefore, competent for the Legislature, by this Act, to change both the common law rule of defenses and the common law rule of liability with respect to accidental injuries sustained by an employee in the course of his employment, requiring the employer, if he elects to come under the Act, to provide, according to its plan, a fixed compensation to be paid the employee, or his beneficiaries if his injury results in death, and denying to the employee of an employer subject to the Act, or his beneficiaries, the right of recovery therefor according to common law rules. We rest the decision of this question upon what seems to us is the evident proposition that no one has any vested or property interest in the rules of the common law, and, therefore, no one is deprived of a constitutional right by their change through legislative enactment. Jensen v. Southern Pac. Ry. Co., 215 N. Y., 514, L. R. A., 1916 A, 109 N. E., 600. The alteration in the law worked by this Act may be marked, but that does not of itself affect the power of the Legislature to so write the law; and it is only with the question of its power that we are concerned. The bearing of the Act upon the rights of employees, in its denial to those engaged in the service of a subscribing employer of a common law action for injuries so suffered, presents the vital constitutional question of the legislation. It is its abrogation of a familiar rule of liability that affords the chief challenge of its validity and not unnaturally prompts the test of the Constitution. But that instrument has not undertaken to preserve inviolate the rules of the common law. That system of rules to the extent that we are governed by it was adopted by the Legislature, and the same authority may alter it. The right to have the liability of an employer for an accidental injury to an employee determined by a common law doctrine is not a constitutional immunity, and this Act in changing that rule of liability therefore invades no constitutional right.

We do not regard the Act in other respects as violative of any of the other constitutional provisions referred to in the certificate. The Act contains but one general subject; its purpose is one general object; and its title sufficiently expresses it. It vests no judicial power in the Industrial Accident Board which it creates. That board is but an administrative agency provided for the proper execution of the Act. The classification adopted by the Act is not to be held by a court as an arbitrary and unreasonable one. In the enactment of such a law the Legislature was privileged to make a classification in respect to employees subject to the law. Classification for the purpose of a law is a legislative function. It will be sustained by the courts unless it is wholly without any reasonable basis. Employees of railroads, those of

employers having less than five employees, domestic servants, farm laborers and gin laborers are excluded from the operation of the Act,. but this was doubtless for reasons that the Legislature deemed sufficient. The nature of these several employments, the existence of other laws governing liability for injuries to railroad employees, known experience as to the hazards and extent of accidental injuries to farm hands, gin hands and domestic servants, were all matters no doubt considered by the Legislature in exempting them from the operation of the Act.   Distinctions in these and other respects between them and employees engaged in other industrial pursuits may, we think, be readily suggested. We are not justified in saying that the classification was purely arbitrary.

Nor does the Act impair the right of trial by jury.   Trial by jury can not be claimed in an inquiry that is non-judicial in its character, or with respect to proceedings before an administrative board.   The Accident Board charged with the administration of the Act is, as we have said, not a court.   In its determination of disputed claims there could be no right to a jury trial.   The Act authorizes appeals from the decisions of the board to the courts, where a jury trial of the matters in dispute, under the law as embodied in the Act, may be had.

The insurance association created by the Act is not a private corporation, and this part of the Act is not violative of the Constitution in its provision that no private corporation shall be formed except by general laws.   Some such agency as the insurance association may be deemed as essential to the efficient execution of the Act.   It was a way of giving effect to the plan as a dependable method of providing the funds necessary for the payment to employees of the compensation the Act is designed to afford.   The association is very clearly only an agency for the proper administration of this law.   It has no functions or powers which it may exercise for any other purpose.   It is denominated in the Act as a corporation, but that may be regarded as a term of convenience.   Calling it a corporation does not make it a private corporation.   Its character is to be determined by what it is, and not by its name.   St. Louis, I. M. & S. Ry. Co. v. Board of Directors, 103 Ark., 127, 145 S. W., 892; Beach v. Leahy, 11 Kan., 23.

The Act, in our opinion, is in its several provisions a constitutional law.   The respective certified questions are so answered.

(Associate Justice Yantis was disqualified in this case and took no part in the decision.)