EL PASO SASH & DOOR CO. v. CARRAWAY. (No. 509.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1916. Rehearing Denied May 25, 1916.)

COURTS $\Longleftrightarrow$91(1) — DECISION — FOLLOWING HIGHER COURT.

Where the assignments of error raise only the constitutionality of an act which the Supreme Court has held constitutional, the Court of Civil Appeals will affirm.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325; Dec. Dig. $\Longleftrightarrow$91(1).]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by E. M. Carraway against the El

Paso Sash & Door Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Turney & Burges and R. C. Walshe, all of El Paso, for appellant. Lea, McGrady & Thomason, of El Paso, for appellee.

HARPER, C. J. This was a suit wherein E. M. Carraway, plaintiff, sued the El Paso Sash & Door Company, defendant, for $6,000, on account of injury to plaintiff's arm, plaintiff alleging that on January 12, 1914, plaintiff was in the employ of defendant as a common laborer, working in connection with one Jose Garcia, another day-laborer in the employ of the El Paso Sash & Door Company; while plaintiff and his colaborer, Jose Garcia, were in the discharge of their duties as servants of defendant, plaintiff received personal injuries due to the negligence of his fellow employé, Jose Garcia; that plaintiff was injured on account of Jose Garcia, his colaborer, dropping a cabinet on his arm, and on account of the dropping of said cabinet on his arm his arm had to be amputated; that the El Paso Sash & Door Company had in its employ more than five persons, fellow servants of plaintiff. Defendant answered by general demurrer, and further answered by special demurrer that plaintiff's petition showed that if plaintiff, E. M. Carraway, was injured, as alleged by him, it was on account of an act of a fellow servant and fellow employé, and pleaded other defenses not necessary here to state; and it was urged in support of said demurrers that the act of the Legislature of Texas, chapter 179, passed by the Thirty-Third Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), providing for what is known as the Texas Employés' Insurance Association, doing away with the defense, amongst others, that the injury was caused by the negligence of a fellow servant and fellow employé, is unconstitutional and void; that, the law being unconstitutional, plaintiff could not recover. Said general and special demurrers were overruled, to all of which defendant in open court excepted, and at the close of the evidence defendant presented a charge and motion, asking for peremptory instruction in favor of defendant, said charge being presented for the reason that the uncontradicted evidence showed that plaintiff, if injured, was injured by the act of a fellow employé. The act of the Thirty-Third Legislature doing away with the defense of fellow servants, being unconstitutional and void, the common law would still remain in force, and no recovery could be had on account of injury caused by an act of a fellow servant. The said charge was refused, and upon submission a verdict was returned against the defendant for $4,750, on which judgment was entered, from which this appeal is perfected.

The parties entered into the following agreement:

"If section one of part one, of the act of the Thirty-Third Legislature of the state of Texas (chapter 179) providing for what is known as the Texas Employés' Insurance Association, doing away with the defense, amongst others, that injury was caused by negligence of a fellow employé, is unconstitutional and void, then it is agreed that this cause shall be reversed and rendered, but if that part of said act is held constitutional, then this cause is to be affirmed.

"It is further agreed that the facts which were proven on the trial of this case are sufficient to entitle the plaintiff to recover, unless the fact of plaintiff being injured by the act of a fellow servant should debar him."

By its assignments, appellant urges simply that the act of the Thirty-Third Legislature, chapter 179, is unconstitutional and void: First, because it does not apply to all alike, in that it exempts from its operation domestic servants, farm laborers, common carriers, cotton gins, and persons not having in their employ more than five persons; second, it takes away the employé's right to sue, without his consent, and providing that an employer can be absolved from liability for insurance, without the consent of the employé, and the employé required to proceed against the Insurance Association, and for various other reasons. Since, by the several assignments and propositions, we are only asked to pass upon the constitutionality of the act, and since the Supreme Court in the case of Charlie Middleton v. Texas Light & Power Company, 185 S. W. 556, not yet officially reported, has rendered its opinion, holding the statute, in its several provisions, constitutional, the cause must be affirmed; and it is so ordered.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes