Sanders & McLeroy, of Center, and C. A. Lord, of Beaumont, for defendant in error.

**TRADERS' & GENERAL INS. CO. v. POWELL.**

**No. 1688—6193.**

Commission of Appeals of Texas, Section A. Nov. 28, 1933.

SHARP, Judge.

Chester L. Powell brought this suit in the district court of Shelby county to set aside an award of the Industrial Accident Board denying him compensation which he claimed by reason of an injury which he alleged that he had received as an employee of the Tenaha Warehouse & Compress Company which carried compensation insurance with the Traders' & General Insurance Company. The case was submitted to a jury, and, based on their findings, the trial court entered judgment in favor of Powell for a total and permanent disability, allowing him compensation at the rate of $20 per week payable in a lump sum. The Traders' & General Insurance Company appealed the case to the Court of Civil Appeals at Beaumont, and the judgment of the trial court was in all respects affirmed. 44 S. W.(2d) 764, 767. A writ of error brings the cause here.

Plaintiff in error contends that the Court of Civil Appeals erred in sustaining the judgment of the trial court when there was no pleading or proof as to any proper rate of percentage of discount in the event of a lump sum award, and the trial court erred in rendering judgment for a lump sum on the basis of 6 per cent. discount, there having been no pleading or proof or finding of the jury to support a 6 per cent. rate or any other percentage.

This record shows that the policy sued upon was issued under the provisions of article

270

8306, R. C. Statutes, before it was amended as hereinafter shown; that this suit was filed January 5, 1931, and judgment entered in the trial court on February 25, 1931. The pertinent part of the judgment reads as follows: "* * * It is ordered, adjudged, and decreed that the plaintiff herein be paid in one lump sum less six per cent. discount, as is provided in cases where lump sum awards are made on matured payment, and here applying the essential process of calculation by allowing a discount of six per cent. according to the table of discounts, and deducting from the total compensation the discount, the court finds the plaintiff to be entitled to be paid in addition to the sum of $680.00, already accrued, the further and additional sum of $6,014.62, a total of $6,694.62, to be paid in one lump sum, less attorney's fees, as is hereinafter provided."

The contention is made that, in the absence of pleading and proof and the finding of the jury upon that issue, the judgment entered, as was done, was unauthorized. The Court of Civil Appeals, in passing upon this contention, held: "The fifth and last complaint is that there was no pleading nor proof nor finding by the jury as to any proper rate of discount pertaining to a lump-sum award, and, therefore, the court erred in rendering judgment for a lump-sum settlement on a basis of 6 per cent. discount. This is overruled. The law provides that the award or judgment shall be discounted at the rate of 6 per cent. Acts 42d Legislature (1931) Regular Session, chapter 248, page 415, § 1 (Vernon's Ann. Civ. St. art. 8306a). This was done."

A similar holding was made by the Courts of Civil Appeals in the following cases: Commercial Casualty Ins. Co. v. Hilton, 55 S.W. (2d) 120; Indemnity Ins. Co. v. Bailey, 50 S. W.(2d) 484.

 It will be observed that whatever rights defendant in error had arose under the provisions of the policy issued under the old law. Article 8306. Since the enactment of the workmen's compensation statutes in this state, the courts have held that the legal relation of employee, employer, and insurer operating thereunder is contractual. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; Patton v. New Amsterdam Casualty Co. (Tex. Com. App.) 36 S.W.(2d) 1000. The provisions of the statutes existing at the time of the issuance of the policy in controversy became a part of the contract. It is true the Legislature has the power to change the remedy, if it sees fit, without affecting the provisions of the obligation of the contract, if an adequate remedy is provided for. Patton v. New Amsterdam Casualty Co., supra; Farmers' Life Ins. Co. v. Wolters (Tex. Com. App.) 10 S.W.(2d) 698.

██ ██ The Forty-Second Legislature (chapter 248) enacted article 8306a (Vernon's Ann. Civ. St.) providing for a discount on lump sum awards of 6 per cent. This act did not become effective until August 22, 1931. Since defendant in error's rights arose and had been adjudicated prior to this time, the provisions of article 8306a would not control, unless classified as being remedial in nature. An analysis of the terms of article 8306a with respect to the discount rate plainly shows that it affects the vital obligation of the contract and is not remedial in nature. The courts of this state have repeatedly held that, in cases arising under the terms of the old law and controlled entirely by the provisions of section 15 of article 8306, R. S., the issue of discount on a lump sum award is a question of fact to be determined, and, if the cause is submitted to a jury, a finding by them thereon is essential before a judgment can be entered to that effect. Great American Indemnity Co. v. McElyea et al. (Tex. Civ. App.) 57 S.W.(2d) 966 (writ denied); Maryland Casualty Co. v. Ham (Tex. Civ. App.) 22 S.W.(2d) 142; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Id. (Tex. Civ. App.) 226 S. W. 154; Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143; Id. (Tex. Civ. App.) 250 S. W. 447; Western Indemnity Co. v. Milam (Tex. Civ. App.) 230 S. W. 825.

██ Under the law of this state as it existed at the time this case was tried, there was no authority in the trial court to render a judgment for a lump sum by discounting unmatured weekly payments at the legal rate of 6 per cent., in the absence of any pleading or proof on the subject or finding by the jury upon that issue. The opinions of the Courts of Civil Appeals above cited holding to the contrary are hereby expressly overruled.

We forego a discussion of the other assignments presented because they will not likely arise during another trial.

We recommend that the judgments of the Court of Civil Appeals and the trial court be reversed and this cause be remanded to the district court for another trial.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.