

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 9, 1951

Hon. L. H. Flewellen, Chairman
Industrial Accident Board
Austin, Texas

Opinion No. V-1341

Re: Application of new re-
duced discount rate for
present payment of unma-
tured workmen's compen-
sation under H. B. 89,
Acts 52nd Leg., to pay-
ments occasioned by
injuries occurring prior
to the effective date of
this Act.

Dear Mr. Flewellen:

Your request for an opinion deals with the proper
application of House Bill 89, Acts 52nd Leg., R.S. 1951,
ch. 78, p. 127, fixing the discount rate for prepayment or
acceleration of weekly workmen's compensation benefits at
4%, effecting a reduction from 6% theretofore allowable.
Your question asks generally which rate applies to cases
involving compensable injuries occurring prior to April 25,
1951, the effective date of the Act.

The Act provides in part:

"Section 1. That Section 15a of Article
8306 of the Revised Civil Statutes of Texas,
1925, be and the same is hereby amended so as
to hereafter read as follows:

"'Sec. 15a. In any case where compensation
is payable weekly at a definite sum and for a
definite period, and it appears to the board that
the amount of compensation being paid is inade-
quate to meet the necessities of the employee or
beneficiary, the board shall have the power to
increase the amount of compensation by correspond-
ingly decreasing the number of weeks for which
the same is to be paid allowing discount for pres-
ent payment at the rate of four per cent (4%),
compounded annually; provided that in no case shall
the amount to which it is increased exceed the

amount of the average weekly wages upon
which the compensation is based; provided
it is not intended hereby to prevent lump
sum settlement when approved by the board.'

"Sec. 2. That Section 1 of House Bill
No. 877, Chapter 248, Acts of the Forty-
second Legislature, Regular Session, 1931,
be and the same is hereby amended so as to
hereafter read as follows:

"'Section 1.

'In all cases when the payments of
weekly compensation due an injured employee
or beneficiary coming within the provisions
of the Workmen's Compensation Act are accel-
erated by increasing the amount of compensa-
tion by correspondingly decreasing the number
of weeks for which the same is to be paid,
and when the liability of the insurance com-
pany is redeemed by the payment of a lump sum,
by agreement of parties interested, or as a
result of an order made by the Industrial Ac-
cident Board or a judgment rendered by a court
of competent jurisdiction, and when advanced
payments of compensation are made, and in all
cases when compensation is paid before becom-
ing due, discount shall be allowed for present
payment at four per cent (4%), compounded an-
nually. . . '"

The quoted portion of Section 2 amends Article 8306a, V.C.S.
The only pertinent change in the statutes amended is in the
rate of discount.

Your specific questions are:

"Question No. One: Since said amended
Section 15a of Art. 8306, supra, reduces the
discount rate for present payment from 6%
(legal rate of interest) to 4%, compounded
annually, does said new discount rate of 4%,
compounded annually, apply to unmatured weekly
compensation payments for which an insurance
carrier is liable for compensable injuries oc-
curring previous to April 25, 1951, as well as
for compensable injuries occurring on and after
said date?

"Question No. Two:  Since said amended
Section 1 of H. B. No. 877, Chap. 248, Acts
of the 42nd Legislature, Regular Session,
1931, (Vernon's Ann. Civ. St., Art. 8306a)
reduces the discount rate from 6%, compounded
annually to 4%, compounded annually, does
said new discount rate of 4%, compounded an-
naully, apply to unmatured weekly compensa-
tion payments for which an insurance carrier
is liable for compensable injuries occurring
previous to April 25, 1951, as well as for
compensable injuries on and after said date?"

In Traders' & General Ins. Co. v. Powell, 65 S.W.
2d 269 (Tex. Comm. App. 1933), the Court held that an amend-
ment to the workmen's compensation statutes fixing the dis-
count rate at 6% was not applicable to an injury and judgment
thereon rendered in the trial court prior to the effective
date of the amendment, noting that the claimant's rights
arose and had been adjudicated prior to the effective date.
The decision was based on the following language at page
270:

"It will be observed that whatever rights
defendant in error had arose under the provi-
sions of the policy issued under the old law.
Article 8306.  Since the enactment of the
workmen's compensation statutes in this state,
the courts have held that the legal relation
of employee, employer, and insurer operating
thereunder is contractual.  Middleton v. Texas
Power & Light Co., 108 Tex. 96, 185 S.W. 556;
Patton v. New Amsterdam Casualty Co.,(Tex. Com.
App.) 36 S.W.(2d) 1000.  The provisions of the
statutes existing at the time of the issuance
of the policy in controversy became a part of
the contract.  It is true the Legislature has
the power to change the remedy, if it sees fit,
without affecting the provisions of the obliga-
tions of the contract, if an adequate remedy is
provided for.  Patton v. New Amsterdam Casualty
Co., supra; Farmers' Life Ins. Co. v. Wolters
(Tex. Com. App.) 10 S.W.(2d) 698.

"The Forty-Second Legislature (chapter 248)
enacted article 8306a (Vernon's Ann. Civ. St.)
providing for a discount on lump sum awards of
6 per cent.  This act did not become effective
until August 22, 1931.  Since defendant in error's

rights arose and had been adjudicated prior
to this time, the provisions of article 8306a
would not control, unless classified as being
remedial in nature. An analysis of the terms
of article 8306a with respect to the discount
rate plainly shows that it affects the vital
obligation of the contract and is not remedial
in nature." (Emphasis added.)

In Associated Employers' Reciprocal v. Brown, 56
S.W.2d 483, 485 (Tex. Civ. App. 1932, error dism.), in
speaking of an amendment of the statute increasing the maximum compensation payable to an injured workman to $20.00,
it is stated:

".  .  . By the terms of the statute in force
at the time the policy in this case was issued,
$15 per week was the maximum amount which could
be recovered, and the rights of Brown as to the
amount of recovery is governed by that act. The
effect of the amendment, if applied, would be to
impair the obligations of the original contract,
which cannot be done."

The holding in the Brown case is cited in Texas Employers'
Ins. Ass'n. v. Whiteside, 77 S.W.2d 767, 770 (Tex. Civ.
App. 1934), wherein the court said:

".  .  . The contract of insurance and the
statute under which it was issued control the
compensation to be paid the employee as the
result of the accident and injuries suffered."

See, also, Great American Indemnity Co. v. McElyea, 57 S.W.2d
966 (Tex. Civ. App. 1933, error ref.); Ocean Accident & Guarantee Corp. v. Pruitt, 58 S.W.2d 41 (Tex. Comm. App. 1933);
Norwich Union Indemnity Co. v. Wilson, 17 S.W.2d 68, 75 (Tex.
Civ. App. 1929, error dism.); 45 Tex. Jur. 367, Workmen's Compensation, Sec. 8.

Since the amendment here considered is of the same
nature as that involved in the Powell case, it is our opinion
that the law as it existed at the time the policy was issued
covering the claims involved will govern. You are therefore
advised that in the absence of circumstances indicating coverage under a later policy, the discount provided for in House
Bill 89 will not apply to claims for injuries occurring prior
to its effective date.

## SUMMARY

H. B. 89, Acts 52nd Leg., R. S. 1951, reducing discount rate on accelerated or advance payments of benefits under the Workmen's Compensation Law, does not apply to injuries covered by policies of workmen's compensation insurance issued prior to its effective date.

Yours very truly,

PRICE DANIEL
Attorney General

Ned McDaniel

Joe S. Moore
Assistants

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

NMc/rt