## HOOD v. TEXAS EMPLOYERS' INS. ASS'N. (No. 9070.)

(Court of Civil Appeals of Texas. Dallas. March 8, 1924.)

1. **Master and servant ☞417(4½)—Prerequisites to district court's jurisdiction of compensation suit.**

Jurisdiction of the district court in an action under the Workmen's Compensation Act is dependent, under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, on application for compensation having been made to the Industrial Accident Commission, final award thereon by it, giving of notice of an intention not to abide award within 20 days from date of same and filing of proper suit within 20 days from date of service of notice.

2. **Master and servant ☞417(4½)—Delivery of notice sent through mail held "personal service," within Compensation Act.**

Delivery of notice of an intention not to abide by an award of the Industrial Accident Commission, sent through the registered mails, and actually delivered to defendant in person is giving of notice by "personal service" within Vernon's Ann. Civ. St. Supp. 1918, art. 5246—

44, requiring such notice as condition precedent to action in the district court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Service.]

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by J. M. Hood against the Texas Employers' Insurance Association. Judgment for defendant and plaintiff appeals. Affirmed.

John White and W. A. Hudson, both of Dallas, for appellant.

Lawther, Pope & Leachman, of Dallas, for appellee.

VAUGHAN, J. This was a suit brought by appellant under what is commonly known as the Workmen's Compensation Act. Appellant, by way of his third amended original petition, in effect alleged that appellee issued to the Texas Pipe Line Company a policy of insurance covering accidental injuries resulting in total and permanent disability to the employés of the Texas Pipe Line Company, said pipe line company being at the time an employer of more than three employés; that said policy was in full force and effect on the 21st day of June, 1919; that appellant was on, to wit, the said last-named date, an employé of the Texas Pipe Line Company and, until he sustained the permanent disability as alleged by him by reason of such employment, was entitled to the benefits of such policy of insurance in case of injury, etc.; that while in the employ of said Texas Pipe Line Company on, to wit, the 21st day of June, 1919, he sustained serious and permanent personal injuries that resulted in his total and permanent disability, which disability occurred by reason of an accident and resultant injury occurring in the county of Navarro, state of Texas.

For the purpose of showing that his claim for compensation on account of injuries received by him as an employé of the Texas Pipe Line Company had been duly presented to and passed upon by the Industrial Accident Board of Texas, and that he had properly appealed from the final order entered by said board, he alleged:

"That for the purpose of showing that the defendant in this case was before the Industrial Accident Board of Texas as alleged in plaintiff's claim for compensation for accidental injury received by the plaintiff in the course of his employment as a carpenter for the Texas Pipe Line Company as plaintiff's employer, and in cause No. E–9585, In re J. M. Hood, Employé, versus Texas Company, Employer, Texas Employers' Insurance Association, Insurer. Plaintiff further avers that on, to wit, about the 1st day of January, A. D. 1920, the plaintiff filed with the said board an affidavit of K. E. Davis, which in effect shows that, after

the plaintiff had received an injury at Gates with the Texas Company, he had a short time thereafter received another injury in the course of his employment in the pipe line department of said company which is the department of the Texas Pipe Line Company, totally incapacitating the plaintiff to work, labor, or earn money during all the balance of plaintiff's natural life, a certified copy of which affidavit is hereto referred to, being filed among the certified papers from the board and made a part of this petition as though copied herein; that on or about, to wit, the 21st day of January, A. D. 1920, the plaintiff caused to be filed with the said Industrial Accident Board in the same said styled and numbered cause before said board his own affidavit, in which, among other things, he says: 'Affiant further states that he has recently learned that the Texas Pipe Line Company is a different corporation from the Texas Company, but controlled, as he understands, by the same people, and that he sustained his second injury on, to wit, the 21st day of June, 1919, while in the employ of the Texas Pipe Line Company about one and one-half miles out from the city of Corsicana, Tex.' "

That theretofore appellant had filed his claim with the Industrial Accident Board for compensation for accidental injury alleged to have been received by him while in the course of his employment with the Texas Company, said claim being styled No. E–9585, "In re J. M. Hood, Employé v. Texas Company, Employer, Employers' Insurance Association, Insurer," on the records of said Industrial Accident Board.

In said cause No. E–9585 said board made its final award on the 5th day of March, A. D. 1920, which alone passed on the appellant's claim for compensation on account of injuries alleged to have been received by him as an employé of the Texas Company, to wit:

"J. M. Hood, Employé, No. E–9585, v. Texas Company, Employer, Texas Employers' Insurance Association, Insurer. On this 5th day of March, 1920, came on to be considered by the Industrial Accident Board the claim of J. M. Hood against the Texas Employers' Insurance Association, and the board finds as follows: That, following the alleged infliction of the injuries upon which this claim is founded, no notice was given within 30 days after its happening and neither the subscriber herein or the association had notice of these alleged injuries from any other source and the claimant, the said J. M. Hood, has not satisfied this board that his claim is a meritorious one, nor has he shown to the board's satisfaction that there is any good cause for his failure to give notice in the manner required by law in such way as would justify it in waiving said requirement to give notice within said period of 30 days, and therefore the board is without jurisdiction and power to proceed further in undertaking a determination of the said claim. It is therefore ordered, adjudged and decreed by the Industrial Accident Board that the said claim for compensation be and the same is hereby in all things dismissed from further consideration."

The record does not show that any other claim made by appellant was before the Industrial Accident Board for consideration than the one referred to in said final award, or that any other claim was considered or passed upon, directly or indirectly, than the one named in said order.

Plaintiff's cause of action as disclosed by the allegations contained in his third amended original petition, on which this cause was tried, based his right to recover on claim for compensation for damages alleged to have been sustained by him in the course of his employment as a carpenter for the Texas Pipe Line Company as his employer, and that said injuries resulting in his permanent disability, etc., were received by him on the 21st day of June, A. D. 1919, in Navarro county. As to this claim, the record of proceedings had by appellant before the Industrial Accident Board failed to show that same was so presented to said board as to require proper consideration and disposition thereof to be made, or, if so presented, that a final decision or award was made by said board thereon.

The attempt on the part of appellant to allege that the Texas Company and the Texas Pipe Line Company were one and the same corporation or business enterprise, and that therefore the claim theretofore filed by him on account of injuries alleged to have been received while in the service of the Texas Company at Gates, in Dallas county, was, in effect, a claim against the Texas Pipe Line Company, so that the additional claim based on other injuries alleged to have been received by him in Corsicana would, on being presented in the pending claim against the Texas Company, necessarily be included within the adjudication made in reference to said company, cannot avail him, for, even if the allegation had been sufficient to have authorized the admission of the evidence showing that the Texas Pipe Line Company was in fact a part of the Texas Company, masquerading as some other corporation, the proof offered utterly failed to raise the issue so as to require the submission of same to the jury.

As disclosed by the recitals in the judgment, the court instructed the jury to return the verdict in favor of appellee on the following grounds: Because (1) there was no evidence before the court or jury that appellant had made claim to the Industrial Accident Board for compensation for his accidental injury received at or near Corsicana, on the 21st day of June, 1919, or that the said board had made a final ruling or decision on account of said accident and appellant's resultant injuries; and (2) because there was no evidence showing, or tending to show, that appellant either appealed or gave notice of appeal from the final decision of the board as to the accidental injury that

occurred at or near Corsicana on June 21, 1919, in that all that had been done related to and had reference to an accidental injury received at Gates, in Dallas county, Tex., for which claim had been made by appellant as an employé of the Texas Company.

[1] The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings which should have been properly alleged and supported by the requisite evidence: (a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board; (b) that final award was made thereon by said board; (c) the giving of notice of the intention not to abide by the award within 20 days from date of same, and the filing of proper suit within 20 days from the date of service of such notice—all being jurisdictional facts and essential to concur before jurisdiction would attach. Article 5246—44, Vernon's Ann. Civ. St. Supp. 1918; Bettie Harris et al. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 257 S. W. 998, decided December 15, 1923; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 220 S. W. 380; Indemnity Corporation v. Woods et al. (Tex. Civ. App.) 230 S. W. 461, in which last case it was held that—

"No intendments can be indulged in favor of such jurisdiction, but the record itself must disclose the facts which authorize it to act, and it must appear that the jurisdiction thus assumed is within the limits of the legislative grant."

See Employers' Indemnity Corporation v. Woods et al. (Tex. Civ. App.) 243 S. W. 1085; Maryland Casualty Co. v. Mueller (Tex. Civ. App.) 247 S. W. 609.

[2] It is contended by appellee that the giving of notice required by article 5246—44, supra, by an interested party who is not willing and does not consent to abide by a final ruling and decision of the Industrial Accident Board, must be by delivery in person to the adverse party, such being the proper construction to place on the words as used in said article, to wit, "by personal service"; that therefore the notice given appellee by registered mail of appellant's intention not to abide by the final ruling and decision of the Industrial Accident Board was not in compliance with the requirements of said provision of the Workmen's Compensation Act. The law does not attempt to point out the manner in which this personal notice shall be served further than that it shall be by a personal delivery to the adverse party on whom service of such notice must be had in order to confer jurisdiction on the court resorted to to determine the rights of the parties by proceeding de novo, which annuls the order entered by the Industrial Accident Board. The manner of service not being prescribed in the statute providing for the notice, the application of the rule of reason should be sufficient to dictate that notice delivered to or received in person by the adverse party would be a sufficient compliance with the requirements of the law. We must assume from the provision containing this requirement that it is not the shadow but the substance of a right that is intended by it to be followed and protected. Therefore, not for the formal ceremony attending the delivery of the notice, but for the actual receipt of the notice required to be given to and received by the party adversely interested, was the statute enacted. We hold that the delivery of the notice to appellee, sent through registered mail by appellant, same having been actually delivered to appellee in person, was the giving of notice by personal service within the meaning of said article. This, in effect, is the holding in the case of Harris v. Texas Employers' Ins. Ass'n, supra, and is not in conflict with the following decisions, all holding that the statute had reference to and required personal service of such notice, as same does not necessarily mean that no other agency shall be or may be employed to deliver the notice to the party adversely interested than the party desiring to give notice of his intention not to abide by the final award of the Industrial Accident Board: McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 801; Producers' Oil Co. v. Daniels, 112 Tex. 45, 244 S. W. 117.

No error being revealed by the record, the judgment of the court below is in all things affirmed.

Affirmed.