**TYLER v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.**

No. 7843.

Circuit Court of Appeals, Fifth Circuit.

Dec. 26, 1935.

Wm. V. Brown, of Texarkana, Tex., for appellant.

J. H. T. Bibb, of Marshall, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

On February 17, 1934, the secretary of the Industrial Accident Board issued his certificate that, it appeared of record in the industrial accident insurance department in claim numbered and styled No. G–15686, J. E. Tyler, Employee, against International Creosoting & Construction Company, Employer; (1) that on December 1, 1920, International Creosoting & Construction Company of Galveston, Tex., as required by the Texas Workmen's Compensation Act, had filed with the Industrial Accident Board, notice that it had provided for payment to injured employees by insuring with the Ocean Accident & Guarantee Corporation, Limited; (2) that on the same day it filed with the commission a copy of the notice thereof to its employees the act required; (3) that appellant, on July 5, 1922, gave notice of injury to and filed claim for compensation for it, with Texas Indemnity Insurance Company, Galveston, Tex.; (4) that the notice and the claim recited that on December 27, 1920, he had, at Nash, Tex., while in the employ of International Creosoting & Construction Company,

at Texarkana, sustained personal injuries. Thereafter, nothing further appearing, on May 4, 1934, the Industrial Accident Board made an award in cause numbered and styled G–15686, John E. Tyler, Employee, v. International Creosoting & Construction Company, Employer, Ocean Accident & Guarantee Corporation, Insurer. It recited: "On this, the 4th day of May, 1934, after due notice to all parties, came on to be considered by the Industrial Accident Board claim for compensation by John E. Tyler against Ocean Accident & Guarantee Corporation, Ltd." The board found for Tyler in the sum of $3,609. Both claimant and carrier appealed from the award; claimant filing suit in the state court, the carrier in the federal court. Claimant's suit having been removed, the two suits were consolidated, and this is an appeal from a judgment in the consolidated causes.

In his pleadings, Tyler, alleging his injury, his notice, and claim, his award and his appeal, stood on the notice to and claim against Texas Indemnity Insurance Company as sufficient, and sought to excuse his failure for nearly two years to file notice and claim by pleading that, in violation of the statutes then applicable, his employer had not given him notice that it was insured, and that as soon as he learned of that fact he filed his claim. No attempt is made in the pleadings to explain why no claim was filed against appellant, or why it was that no action was taken on the claim as filed from July 5, 1922, when he filed it against the Texas Indemnity Insurance Company until May 4, 1934, when the award was made against the Ocean Accident & Guarantee Corporation, Limited. Neither is there any pleading as to how it came about that, though the Texas Indemnity Insurance Company was alone claimed against, the award was against Ocean Accident & Guarantee Corporation, Limited.

Defendant answered the suit with a general denial, denied specially that plaintiff had filed a claim for compensation for his injury within the time and in the manner required by the Workmen's Compensation Law of Texas, and pleaded that having so failed to file he may not claim compensation. There was further pleading that plaintiff's claim is barred by laches and limitation, in that no claim for compensation was filed, and no action taken, against it until almost 14 years after the accident.

At the close of plaintiff's evidence, which included proof of his employment by the International Creosoting & Construction Company, the introduction of the certificate set out above showing that company's insuring with the Ocean Accident & Guarantee Corporation, its giving written notice thereof to the Industrial Accident Board and to its employees, the notice of injury to plaintiff and claim for compensation against Texas Indemnity Insurance Company lodged with the board and that this was the only claim he had filed, defendant moved for a directed verdict on the ground that the record affirmatively showed that no claim for compensation was ever made against it as required by law. This motion was sustained and verdict directed. This appeal is from the judgment on that verdict.

Appellant, citing Bailey v. Texas Indemnity Ins. Co. (Tex.Com.App.) 14 S.W. (2d) 798, and pointing to his testimony that his employer had not notified him and he did not know until he filed his claim that his employer was insured and to the July 5 notice, insists that the claim was filed in time. As to his failure to prove that he ever filed claim against Ocean Accident & Guarantee Corporation, appellant insists that the statute, section 4a, article 8307[1] as construed by the Texas courts, provides for its filing against either association or subscriber; that his naming of the Texas Indemnity Insurance Company was a mere inadvertence; and that it appears from the notice, the claim, and the board's docket, that he was really claiming against his employer. He insists, too, that the fact of the award against appellee and the recitation of the board that the claim "came on to be heard after due notice to all parties"

[1] Section 4a, art. 8307. "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the board."

is sufficient proof that his claim was timely and properly filed. He cites, in support of these views, American Employers' Ins. Co. v. Hoofkin (Tex.Civ.App.) 33 S.W.(2d) 801; Texas Indemnity Ins. Co. v. Holloway (Tex.Civ.App.) 30 S.W.(2d) 921; Texas Employers' Ins. Ass'n v. Adcock (Tex.Civ.App.) 27 S.W.(2d) 363.

Appellee denies that the statute or any of the cases appellant cites supports his position that his claim was timely and properly filed. It urges that if, nothing else appearing, the recitation in the board's finding on which appellant relies could suffice for proof of compliance with the statutory requirement of timely and regular filing of claim, the facts of this case prevent its sufficing, for they definitely and with precision show that no claim was ever made against appellee. It shows that the claim plaintiff filed far beyond the statutory time allowed for filing was filed not against defendant, but against a wholly different insurance company. It shows, too, that without any claim having at any time been filed against appellee, the Industrial Accident Board, 14 years after the claimed accident, assumed to take jurisdiction of and to render an award against it. It insists that plaintiff's case then failed for want of his proving the fact essential to maintaining it; that he filed claim against the defendant either within the six months the statute fixed, or within such further extended time as there was good cause shown.

We agree with appellee. The Texas Workmen's Compensation Act, when applicable, destroys the employee's right of action against his employer. It substitutes for the direct common-law liability of the employer theretofore obtaining the vicarious, statutory compensation liability of the carrier the employer insures with. Bailey v. Texas Indemnity Ins. Co. (Tex.Com. App.) 14 S.W.(2d) 798, 801; Middleton v. Texas Power & Light Co., 108 Tex. 96, 109, 185 S.W. 556. Such liability, though absolute and unconditional, where the statutory prerequisites for fixing and recovering upon it are complied with, does not exist unless they are. No award may be made by the board, no judgment entered by a court, against an insurance carrier unless these conditions are fulfilled. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Hood v. Texas Employers' Ins. Ass'n (Tex.Civ. App.) 260 S.W. 243. One of these prerequisites is that fixed by section 4a, art. 8307 set out in full in note 1, supra. Under it, claim must be filed within six months, or continuing good cause for not filing earlier must be shown up to the time of filing. Ocean Accident & Guarantee Corporation v. Pruitt (Tex.Com. App.) 58 S.W.(2d) 41; Federal Surety Co. v. Jetton (Tex.Com.App.) 44 S.W.(2d) 923.

We may assume with appellant that he had until he actually knew his employer was insured, to give notice of and file claim for his injury. Bailey v. Texas Indemnity Ins. Co., supra. We may assume with him that the notice, though directed to the Texas Indemnity Insurance Company was sufficient, because mailed to the employer, and it is not proven or even claimed that the employer did not receive this notice. We may assume that if the claim when filed had been filed against appellee, it would have been, though in fact a year late, in law in time. We may assume that if as in Texas Indemnity Ins. Co. v. Holloway (Tex.Civ.App.) 30 S.W.(2d) 921, the employer had given appellant cause to believe he was filing claim for him or otherwise protecting his interest, his failure to file timely would have been excused. We may assume, too, that if, as in American Employers' Ins. Co. v. Hoofkin, relied on by appellees, it appeared that though the claim for compensation filed with the Industrial Accident Board was addressed to the wrong company, the "unchallenged record" showed that, on a hearing held within four months from the date of the accident, the insurance carrier was present and suffered an award and on appeal to the District Court that award was affirmed, we should hold, as they did there, that the claim was timely asserted. But these assumptions would not avail appellant. He stood below, and stands here, pressing a claim first asserted against the person liable, if any one is, 14 years after the claim arose, without any showing being made or attempted to be made of good cause for not proceeding earlier. Appellant's position then comes down to this, that the statute does not require claim to be made against the insurance carrier; that it is satisfied by a claim, no matter against whom made, provided the employer is identified in the claim. He argues that though the employer is by virtue of the compensation statute no longer liable, but the carrier is, the carrier's liability is representative, and claim against the employer is, in effect, claim against it. He points to the fact that the statute in terms provides that notice of

the injury is sufficient, if given either to the employer or to the carrier, and argues that the provision for claim, not specifically requiring it to be made against the insurance carrier, must be construed as satisfied if made against either employer or carrier.

We pass, without deciding, the point that the claim here made will not suffice even under the rule appellant invokes because it was not made against the employer, but against an insurance company having no connection with the matter. We pass, too, without deciding, the point that the long delay in asserting the claim has prevented its effective assertion now. We think the judgment must be affirmed on the authority of the decisions of the Texas courts, holding that the statute requires the claim to be made against the one liable, and that a claim against one not liable will not suffice. Texas Employers' Ins. Ass'n v. Hoehn (Tex.Civ.App.) 20 S.W. (2d) 263; Federal Surety Co. v. Jetton (Tex.Com.App.) 44 S.W.(2d) 923.

Affirmed.