### INDEMNITY INS. CO. OF NORTH AMERICA v. HARE.

#### No. 3203.

Court of Civil Appeals of Texas. Beaumont.

July 16, 1937.

Rehearing Denied July 20, 1937.

Barnes & Barnes, of Beaumont, for appellant.

Elton Cruse, of Beaumont, and O. I. Baker, of Port Arthur, for appellee.

WALKER, Chief Justice.

Under the provisions of our Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), Gulf Refining Company was the employer, appellant, Indemnity Insurance Company of North America, the compensation insurance carrier, and appellee, George W. Hare, the employee. On the 12th day of September, 1930, while in the course of his employment, appellee received a compensable injury. By contract approved by the Industrial Accident Board on the 29th day of October, 1930, he settled his claim for compensation with appellant for the sum of $250. On the 16th day of March, 1936, he filed this suit to set aside the settlement agreement, alleging against appellant certain specific acts of fraud in its procurement, and as an alternative relief, without setting aside the compensation settlement, he prayed for damages in the sum of $3,000 as at common law, suffered by him by reason of the fraud of appellant in inducing him to make the contract. Appellant answered by general and special demurrers, general denial, pleas of limitation, etc. The case was submitted to the jury on special issues. After appellee had in open court elected to abandon his cause of action for rescission and to prosecute to judgment only his demand for damages as at common law, the court, on the verdict of the jury, entered judgment in his favor for $3,000, reciting the following conclusions:

"And it further appearing to the court that at the time of the execution of said compromise settlement that plaintiff was entitled to compensation in excess of $4,-800.00, in a lump sum, and that said compensation settlement was procured by actionable fraud of the defendant and that plaintiff, though entitled to a rescission and cancellation of said compromise settlement, has elected to recover damages, and it further appearing to the court that plaintiff is not limited and bound by said compromise settlement, the court is of the opinion and finds that plaintiff is entitled to recover damages of and from the defendant in the sum of $3,000.00, over and above the said sum of $250.00, that was paid at the time of said compromise settlement."

### Opinion.

Appellant's general demurrer presents the point that appellee had no cause of action for damages at common law for appellant's fraud in inducing him to make the contract of settlement; on this point the general demurrer should have been sustained. Until set aside by a court of competent jurisdiction, the compensation settlement was a complete bar to all damages under the provisions of the Workmen's Compensation Act.

Appellee had no cause of action except under the statutes. In Tyler v. Ocean Accident & Guarantee Corporation (C.C.A.) 80 F.(2d) 720, 722, Judge Hutcheson said: "The Texas Workmen's Compensation Act, when applicable, destroys the employee's right of action against his employer. It substitutes for the direct common-law liability of the employer theretofore obtaining the vicarious, statutory compensation liability of the carrier the employer insures with. Bailey v. Texas Indemnity Ins. Co. (Tex.Com.App.) 14 S.W. (2d) 798, 801; Middleton v. Texas Power & Light Co., 108 Tex. 96, 109, 185 S.W. 556. Such liability, though absolute and unconditional, where the statutory prerequisites for fixing and recovering upon it are complied with, does not exist unless they are. No award may be made by the board, no judgment entered by a court, against an insurance carrier unless these conditions are fulfilled. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Hood v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 260 S.W. 243."

Holding that appellee had no cause of action at common law, Judge Short, speak-

ing for the Commission of Appeals in Bailey v. Texas Indemnity Ins. Co., 14 S.W.(2d) 798, 801, said: "The statute substitutes for the common-law liability of the employer the new liability to be imposed by the terms of the law and compels this liability to be assumed by the employers alter ego, 'the association.' As said in Middleton v. Texas Power & Light Co., 108 Tex. [96], 109, 185 S.W. [556], 561: 'It in effect declares that such employers shall no longer be liable as under that rule (the common-law rule), but shall be liable according to the rule prescribed by the act. * * * The employer * * * shall compensate his employee for accidental injuries received in his service according to a different rule, through another remedy, and in its judgment by a better plan.' The effect of the Workmen's Compensation Act is not merely to discharge the liability of the subscribers, but also to substitute another liability therefor in the association."

So, appellant had no cause of action except under the Workmen's Compensation Act, and that cause of action he settled with appellant in the manner required by law.

Discussing a settlement under the Workmen's Compensation Act our Supreme Court, in Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.(2d) 1081, 1082, 89 S.W.(2d) 1116, said:

"The board's approval of a compromise agreement is not an award of compensation. Lumbermen's Reciprocal Association v. Day (Tex.Com.App.) 17 S.W.(2d) 1043. Neither is it an order denying compensation. In short, the board has no authority to set aside a compromise settlement agreement or its order approving same. * * * Whenever a party to such contract claims to have been induced to execute same through fraud of the other party, the court is the forum and the only forum to which he may resort.

"Until the compromise settlement agreement is set aside by the court, the Industrial Accident Board is without power to pass upon a claim for compensation. * * * It cannot deny compensation when it has no jurisdiction to pass on that question.

"A court has no jurisdiction to pass upon a claim for compensation unless its jurisdiction is invoked by an appeal from an order of the Industrial Accident Board either awarding or denying compensation. * * * In so far as it passed upon the issues of compensation and medical and hospital expenses, it exceeded its jurisdiction. The effect of such holding may be to require a case to be tried by piecemeal, but it must be tried that way or not at all."

Appellee's cause of action, as adjudicated by the court, has no support in the law announced in the Hilton Case. He prosecuted his cause of action to judgment and was given relief by a judgment that ratified and confirmed the settlement. He recognized that he could not claim as a measure of damages the difference between the sum paid in the settlement and the damages suffered, measured by the rules of common law. He claimed only the damages suffered by reason of being deprived of his statutory compensation and had the court submit to the jury the compensation issues—employment, weekly wage, permanent total incapacity, etc. On the jury's answers the court concluded that, but for the settlement, appellee would have been entitled to compensation for total permanent incapacity, then proceeded by his judgment to convert the statutory damages into common-law damages, and rendered his judgment accordingly. That relief was denied appellee by the following proposition from 45 Tex.Jur. 701: "An agreement and settlement by the payment of a reasonable sum, when approved by the Industrial Accident Board, have the same force and effect as a judgment and are binding on all parties unless in some way legally set aside. They necessarily contemplate and embrace the full existing liability of the association and the sum paid thereunder is a maximum amount to which the employee is entitled for the injury—and it is a complete defense to a claim for compensation until set aside in a court of competent jurisdiction by affirmative action."

That statement of law by Texas Jurisprudence is necessarily the law because the settlement is in liquidation of the claim under the Workmen's Compensation Act and appellant had no other claim. If the settlement in this case was induced by fraud, appellee had the right under the Compensation Act, if not barred by the statutes of limitation, to set aside the settlement and to prosecute his claim for compensation, but he could claim only under the Workmen's Compensation Act.

█ But appellee says, quoting from 20 Tex.Jur. 115—and this proposition is the foundation of his cause of action: "A person who has been defrauded has alterna-

tive remedies: He may stand to the bargain and recover damages for the fraud in an action at law, or, resorting to equity, he may rescind the contract, return the thing bought and receive back what he paid; or, in the proper case, he may retain what he has received, and, waiving the fraud bring his action, based on the contract, for damages sustained by reason of its breach; or he may set up the fraud by a way of defense when sued on the contract or transaction, in some circumstances equity will grant appropriate relief by reforming the instrument to accord with the intent of the parties or by declaring a trust ex maleficio".

The proposition is not in point; it has reference only to common-law contracts, contracts made under the sanction of the common law, and, both in their execution and in their breach, regulated by the common law.

We pretermit a discussion of appellant's other propositions.

The judgment of the lower court is reversed and judgment here rendered in appellant's favor.

Reversed and rendered.