## RICHARDSON v. THE FAIR, Inc.

### No. 3342.

Court of Civil Appeals of Texas. Beaumont.

Feb. 1, 1939.

Rehearing Denied Feb. 15, 1939.

Elton Cruse, of Beaumont, and V. J. Wistner, of Pt. Arthur, for appellant.

Sonfield & Sonfield and David C. Marcus, all of Beaumont, and Sewell, Taylor, Morris & Garwood, of Houston, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellant, L. S. Richardson, from the judgment of the lower court sustaining the plea in abatement filed by appellee, The Fair, Inc., against appellant's cause of action. Appellant alleged that on or about the 30th day of July, 1936, he was an employee of appellee, and on that day appellee, through its servant and assistant manager, Ronald Simon, committed upon him an intentional, willful, and malicious assault; that Simon was specially hired by appellee to assault appellant; and that Simon made the assault in the course of his special employment; and that a conspiracy existed between Simon and appellant's manager, in the course of his employment, to commit an assault upon appellant. There was a second count for exemplary damages. The plea in abatement presented the issue that appellant's injuries fell within the coverage of our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and was submitted to the court on the following agreed facts:

"Counsel for plaintiff stipulated with counsel for defendant that at the time of plaintiff's alleged injury that, as stated in paragraph two (2) of Defendant's Second Amended Original Answer, defendant was a legal subscriber under the terms and provisions of the Workmen's Compensation Law of Texas and that said policy was in full force and effect at the date of said alleged injury and that if said alleged injury was compensable under the Texas Workmen's Compensation Law, that plaintiff was covered and insured by the terms of said policy and said Compensation Act and it was further stipulated that at the time of said alleged injury plaintiff was in the course of his employment with defendant."

Opinion

In Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556, 560, our Supreme Court, construing the Workmen's Compensation Act, held that its "evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited"; we quote from Judge Phillips' opinion:

"Here the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited. Its emergency clause declares its aim to be the protection by an adequate law of the rights of employees injured in 'industrial accidents,' and the beneficiaries of such employees as may be killed 'in such accidents.' The Bill of Rights, Section 13, Article I of the Constitution provides that 'every person for an injury done him, in his lands, goods, person or reputation, shall have

remedy by due course of law'; that is, the right of redress in the courts of the land in accordance with the law's administration. It is therefore not to be doubted that the Legislature is without the power to deny the citizen the right to resort to the courts for the redress of any intentional injury to his person by another. Such a cause of action may be said to be protected by the Constitution and could not be taken away; nor could the use of the courts for its enforcement be destroyed. This Act does not affect the right of redress for that class of wrongs. The injuries, or wrongs, with which it deals are accidental injuries or wrongs."

The holding that the Legislature is without the power to deny a citizen the right to resort to the courts for the redress of intentional injuries to his person by another, and that such a cause of action is protected by the Constitution and cannot be taken away by the Legislature, and that the use of the courts for its enforcement cannot be destroyed, made appellant's cause of action good as against appellee's plea in abatement. The language "any intentional injury" used by Judge Phillips is broad enough to include the intentional, unlawful, and malicious assault plead by appellant, just as it would include any other intentional injury inflicted by an employer on his employee—mayhem, torture, murder, etc. The "assault" cases cited by appellee in support of its plea in abatement present assaults by co-employees and third parties; they do not present assaults—intentional, unlawful, and malicious crimes—committed by the employer himself upon his employee. And it is immaterial whether the intentional, willful, and malicious assault by the employer had to do with and originated in his work, and that the employee was thus assaulted while engaged in or about the furtherance of his master's business; as ruled by Judge Phillips, under our Constitution, one cannot insure himself by taking out a policy of indemnity insurance against civil liability and responsibility for the results of his intentional crimes.

The judgment of the lower court is reversed and remanded.

Reversed and remanded.

## On Rehearing.

Appellee argues on rehearing against appellant's petition and in support of its plea in abatement, that "no court in this state has allowed such a cause of action, although many courts, at many times, have denied such a cause of action." The Middleton case cited in the original opinion answers the first point of this argument. The answer to the second point is that appellee has cited no case which denies appellant's cause of action. Indemnity Ins. Co. v. Hare, 107 S.W.2d 739, by this court, is not in point on its facts nor on its law; in that case we said that our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., destroys the employee's right of action against his employer, "when applicable"; in the case at bar it is not applicable.

But appellee says that the Middleton case on the point cited is dictum. A careful reading of the case discloses that the great judge who wrote the opinion did not write this particular proposition of law as dictum, but as stating a basic principle in the construction of our Workmen's Compensation Act. He recognized a broad principle, "so generally accepted and of such fundamental character," that it now constitutes a maxim of modern civilization—that an employer cannot correct and punish with whips the mistakes of his employees committed in the course of their employment, and protect himself against civil liability for the results of his assaults under the coverage of our Workmen's Compensation Act. In the Middleton case, Judge Phillips took that theory of the law out of our Workmen's Compensation Act, and this court will not put it back.

We did not hold in our original opinion, as appellee asserts in its tenth assignment of error on rehearing, "that an employer may not validly insure himself against civil responsibility for the result of an assault which was inflicted by a co-employee." All the authorities give the employer the right to insure himself against civil responsibility for the results of assaults committed by co-employees; appellant's cause of action was for an intentional, willful, and malicious assault committed under the direction and at the command of the employer himself.

We agree with appellee's contention that "if an employee is injured while in the course of his employment by an unprovoked assault on his person inflicted by a co-employee, the employee is entitled to compensation under the Texas Workmen's Compensation Act." But the proposition is not in point on the facts of this case.

The motion for rehearing is in all things overruled.