PHŒNIX CONST. CO. v. WITT & SAUNDERS. (No. 5683.)

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1916. Rehearing Denied Dec. 23, 1916.)

PLEADING ⬤⟶127(2) — ADMISSIONS — PLEA OF SETTLEMENT.

In an action for damages wherein the defendant's answer averred facts which, if true entitled it to the benefits of the Employers' Liability Act (Acts 33d Leg. c. 179) the fact that defendant pleaded a settlement with plaintiff did not excuse interveners seeking to recover on an assignment of part of the cause of action from pleading and proving that plaintiff had a cause of action against defendant; the plea of settlement not amounting to an admission of such cause of action.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. ⬤⟶127(2).]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by J. Jeter against the Phœnix Construction Company, in which Witt & Saunders intervene, seeking a recovery from the defendant on a part of the cause of action conveyed to them. Judgment that plaintiff take nothing, and for the interveners against the defendant, and defendant appeals. Reversed and remanded.

Homer R. Mitchell, of Dallas, and Scott & Ross, of Waco, for appellant. W. R. Saunders, Edgar & Chas. Witt, and Chas. B. Braun, all of Waco, for appellees. .

KEY, C. J. J. Jeter brought suit for damages sounding in tort against the Phœnix Construction Company. Witt & Saunders, a firm of lawyers, intervened, alleging that Jeter had conveyed to them a portion of his cause of action, and they sought to recover from the defendant the portion so conveyed. The defendant in its answer averred facts which, if true, showed that it was entitled to the benefits of the Employers' Liability Act, a law enacted by the Thirty-Third Legislature (Acts 33d Leg. c. 179). The case was tried in the court below after this court had decided the case of Middleton v. Texas Power & Light Co., 178 S. W. 956, and before the Supreme Court had disposed of that case. In that case the constitutionality and validity of the act of the Legislature referred to was involved. In this case the trial court sustained exceptions to the defendant's plea of nonliability because of the act of the Legislature referred to; and, upon proof being made that appellant, with knowledge of appellee's claim, had made a settlement with the plaintiff, Jeter, and paid him $216, and the interveners had put in evidence the assignment from Jeter to them, judgment was rendered to the effect that the plaintiff take nothing, and that the interveners recover from the defendant the sum of $72 and costs, and the defendant has prosecuted this appeal.

In passing upon the validity of the Employers' Liability Act, the Supreme Court of this state held that it was valid and free from constitutional objection. Middleton v. Texas Power & Light Co., 185 S. W. 556. Because of that decision we sustain appellant's first assignment of error, and hold that the trial court committed reversible error when it sustained appellee's exceptions to that portion of appellant's answer which asserted its nonliability because of that act.

We overrule appellant's contention that the written assignment offered in evidence was not admissible because it did not convey any portion of the plaintiff's cause of action. Considering all the terms of that document, we think it should be construed as conveying to interveners a portion of the plaintiff's cause of action, and not merely a portion of whatever sum he might receive from appellant.

We also overrule appellees' contention that appellant, by its answer pleading a settlement with plaintiff, admitted that the plaintiff had a cause of action against it. The plea referred to does not constitute such an admission; and therefore, in order for interveners to recover, it was necessary for them to plead and prove that the plaintiff had a cause of action against the defendant. No such proof was made. Interveners rested their case upon proof showing that the plaintiff had assigned to them a portion of his cause of action, and that the defendant, with knowledge of that fact, had made a settlement with the plaintiff and paid him $216. Proof that a defendant has paid a sum of money as a compromise and settlement of an existing suit for damages does not constitute an admission in favor of a third person, though claiming under the plaintiff, that a cause of action ever existed against the defendant.

For the error pointed out, the judgment of the trial court is reversed, and the cause remanded; and if upon another trial the proof sustains appellant's plea under the Em-

ployers' Liability Act, then judgment should be rendered for appellant.

Reversed and remanded.