**BERRY et al. v. McDONALD, Commissioner of Agriculture, et al.**

No. 10340.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 30, 1938.

Rehearing Denied Jan. 4, 1939.

Cameron & Hardin, of Edinburg, for appellants.

William McCraw and J. H. Broadhurst, both of Austin, and Strickland, Ewers & Wilkins and Hill, Greer & Franki, all of Mission, for appellees.

MURRAY, Justice.

This is an appeal by J. E. Berry and nine others from a judgment of the 92nd District Court of Hidalgo County, denying the appellants a temporary injunction sought against appellees. J. E. McDonald, Commissioner of Agriculture of the State of Texas, C. E. McCormick, Director of Fruit and Vegetable Bonding and Licensing Division, Department of Agriculture, and Rogers Kelley, Criminal District Attorney of Hidalgo County.

The object of the injunction was to restrain the above named appellees from enforcing or attempting to enforce the provisions of an act of the 45th Legislature, known as House Bill No. 99 (now codified as Article 118b, §§ 1 to 28, inclusive, Ver-

non's Civ.Statutes), which law has for its purpose regulation of the buying, processing and selling of citrus fruits in the Texas Citrus Zone, as defined and established by § 1 of House Bill No. 553, Chapter 350, General Laws of Texas, Regular Session 1931, Vernon's Ann.P.C. art. 1700a—2, § 1. The Citrus Zone is composed of thirty-one counties in the southern part of Texas, and includes what is known as the Rio Grande Valley.

Said House Bill No. 99 provides, among other things, that all persons, firms or corporations desiring to engage in the business of buying, processing and/or selling citrus fruit in the Citrus Zone of Texas must first secure a license from the State and give a bond in the sum of $5,000. There are many other provisions of the bill which need not be here mentioned. The injunction was sought on the contention that said House Bill No. 99 was unconstitutional and void for numerous reasons.

■ First it is contended that the buying, processing and selling of citrus fruit in the Citrus Zone of Texas is purely a private business and not a business affected with a public interest, and, therefore, the enactment of this bill is an unconstitutional exercise of the police power of the State by the Legislature. We overrule this contention. This court takes judicial knowledge of the fact that in the Citrus Zone of Texas, and especially in the Rio Grande Valley, the citrus fruit industry is of such proportions and is affected by a public interest to such an extent as to be within the police power of the State. Mayo v. Polk Company, 124 Fla. 534, 169 So. 41; Johnson v. State ex rel. Maxcy, 99 Fla. 1311, 128 So. 853; Maxcy, Inc., v. Mayo, 103 Fla. 552, 139 So. 121.

■ Appellants next contend that the Act is repugnant to and violative of §§ 1 and 2 of Article 8, and § 3 of Article 1, of the Constitution of the State of Texas, Vernon's Ann.St. in that the tax is not equal and uniform and is discriminatory and class legislation. It is pointed out that the Act only applies to citrus dealers in the Citrus Zone of the State and does not apply to all of the dealers in that zone. The Act exempts retailers and shipments of six or less boxes, producers handling their own fruit, and dealers who pay cash and handle less than 1,000 boxes of fruit. There is nothing in this record to indicate that the classifications and exemptions made by House Bill No. 99 are arbitrary and unreasonable, and unless they are shown to be so, the Legislature has the power to make such classifications and exemptions.

In Ex parte Ferguson, 112 Tex.Cr.R. 152, 15 S.W.2d 650, the singling out of cotton ginners as a class and requiring them, as a prerequisite to their right to operate, to secure a license and give a bond, was upheld.

In Middleton v. Texas, etc., 108 Tex. 96, 185 S.W. 556, the classifications made by the Workmen's Compensation Act, Art. 8306 et seq., R.C.S.1925, were upheld.

See, also, Mims v. City of Fort Worth, Tex.Civ.App., 61 S.W.2d 539; Borden's Farm Products Company, Co., v. Ten Eyck, Commissioner, 297 U.S. 251, 56 S.Ct. 453, 80 L.Ed. 669; Lindsley v. Natural Carbonic Gas Company, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369, Ann.Cas.1912C, 160; Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (sustaining the chain store tax).

■ Appellants contend that many provisions of House Bill No. 99 are unconstitutional and void, but in view of the fact that the Act contains a provision that "If any section, sentence, clause, phrase, or portion of this Act shall be held unconstitutional, then such holding shall not affect the validity of the remainder thereof, but same shall remain in full force and effect," Vernon's Ann.Civ.St. art. 118b, § 28, and in view of the further fact that this is a suit for injunctive relief only, we should not discuss any provisions of the Act other than those shown by the pleadings and the proof to be presently and directly affecting the appellants at the time of the trial. It would be improper for this Court to write a declaratory opinion concerning provisions of the Act not shown to have been presently and directly affecting appellants at the time this cause was heard by the trial court.

■ Furthermore, we are of the opinion that appellants had an adequate and complete legal remedy in that under the provisions of 7057b, Vernon's Civil Statutes (Acts 1933, 43rd Legislature, p. 637, Ch. 214), they could have paid the license tax under protest and then brought suit to recover the sum paid. It is not shown that being required to give a bond would alone have worked irreparable damage to appellants. Neither is it contended that

the remedy by injunction was necessary to avert a multiplicity of suits. Rogers v. Daniel Oil and Royalty Co., 130 Tex. 386, 110 S.W.2d 891.

The order denying the injunction is affirmed.