# Supreme Court of Texas

No. 23-1039

In re East Texas Medical Center Athens,
*Relator*

On Petition for Writ of Mandamus

**Argued January 28, 2025**

JUSTICE BOYD delivered the opinion of the court.

An employee was injured while working for an employer that had elected not to subscribe to the Texas workers' compensation program. When she sued her employer for negligently failing to provide a safe workplace, the employer moved for leave to designate responsible third parties under the Texas proportionate-responsibility statute. The employee did not object, and the trial court granted leave, but the employee later moved to strike the designation. The trial court granted the motion, and the court of appeals denied the employer's request for mandamus relief. We conclude that the trial court abused its discretion by striking the designation. We hold that (1) the proportionate-responsibility statute applies because an employee's negligence claim against a nonsubscribing employer is not "an action to

collect workers' compensation benefits under" the Workers' Compensation Act, (2) the Act does not prohibit nonsubscribing employers from designating responsible third parties, and (3) this record contains sufficient evidence of the third parties' responsibility. Because we also conclude that the employer has no adequate remedy by appeal, we conditionally grant the employer's petition for mandamus relief.

## I.
## Background

East Texas Medical Center Athens (ETMC Athens) employed Sharon Dunn as an emergency-department nurse. Dunn alleges she sustained a serious back injury when, during one of her shifts, an emergency medical technician (EMT) who was not an ETMC Athens employee pushed a stretcher into her. She initially sued the EMT and his employer, but the trial court dismissed those claims because Dunn failed to timely serve an expert report as the Texas Medical Liability Act requires for health care liability claims.[1] While that dismissal motion was pending, Dunn amended her pleadings to assert negligence claims against ETMC Athens. After the trial court dismissed the claims against the EMT and his employer, ETMC Athens moved for leave to designate them as responsible third parties.[2] Dunn did not object, and the trial court granted the motion.

---

[1] The trial court initially denied the EMT's dismissal motion, but the court of appeals reversed on interlocutory appeal. *See ETMC EMS v. Dunn*, No. 12-19-00152-CV, 2020 WL 562971, at *8 (Tex. App.—Tyler Feb. 5, 2020, pet. denied) (mem. op.).

[2] A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages

2

Eleven months later, Dunn moved to strike the designations, arguing in part that the proportionate-responsibility statute does not apply because her suit against ETMC Athens is "an action to collect workers' compensation benefits under" the Workers' Compensation Act. *See* TEX. CIV. PRAC. & REM. CODE § 33.002(c)(1) (providing that the proportionate-responsibility statute does not apply to such an action). The trial court granted the motion, and the court of appeals denied ETMC Athens's petition for mandamus relief. *In re E. Tex. Med. Ctr. Athens*, ___ S.W.3d ___, 2023 WL 8103959, at *5 (Tex. App.—Tyler Nov. 21, 2023, orig. proceeding). ETMC Athens then petitioned for mandamus relief in this Court. To obtain such relief, ETMC Athens must demonstrate that the trial court committed a clear abuse of discretion by striking the designations and that ETMC Athens has no adequate remedy by appeal. *See In re Xerox Corp.*, 555 S.W.3d 518, 522 (Tex. 2018) (orig. proceeding). We address each requirement in turn.

## II.
## Abuse of Discretion

A trial court abuses its discretion if it fails to correctly construe a statute or apply it to the facts before it. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.").[3] ETMC

___

is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6).

[3] *See also In re Gonzales*, 619 S.W.3d 259, 261 (Tex. 2021) (orig. proceeding) (per curiam) ("A trial court that fails to properly apply a statutory

Athens contends that the trial court abused its discretion by striking its responsible third party designations because (A) the proportionate-responsibility statute applies to Dunn's negligence claims, (B) the Workers' Compensation Act does not prohibit ETMC Athens from designating responsible third parties, and (C) the record contains sufficient evidence that the EMT and his employer were at least partially responsible for causing Dunn's injury. We agree.

## A. The proportionate-responsibility statute applies.

The Texas proportionate-responsibility statute permits a defendant in a tort action to seek to reduce its liability for a claimant's damages by requiring that the factfinder determine "the percentage of responsibility" for causing such damages attributable to each claimant, defendant, settling person, and "responsible third party who has been designated." TEX. CIV. PRAC. & REM. CODE § 33.003(a)(1)–(4). Generally, each defendant is liable only for the percentage of the claimant's total damages equal to the defendant's percentage of responsibility, *id.* § 33.013(a), and the claimant cannot recover any damages "if his percentage of responsibility is greater than 50 percent," *id.* § 33.001.[4]

---

requirement abuses its discretion. . . ."); *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam) ("[B]ecause a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law.").

[4] A designated responsible third party is not a party to the action and incurs no liability as a result of a finding that it was responsible for causing the harm. TEX. CIV. PRAC. & REM. CODE § 33.004(i); *see In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020) (orig. proceeding) (per curiam) ("[N]either designating a person as a responsible third party, nor a finding of fault against the person, imposes liability on that person or provides a basis to impose liability on the person in any other proceeding.").

A defendant who desires to designate a responsible third party must timely file a motion for leave to do so. *Id.* § 33.004(a), (d). The trial court must grant a timely motion unless the claimant or another party objects to the motion within fifteen days. *Id.* § 33.004(a)–(f). If a party timely objects, the court still must grant the motion "unless the objecting party establishes that the defendant failed to adequately plead the facts establishing the third party's responsibility, even after receiving an opportunity to replead those facts." *Gonzales*, 619 S.W.3d at 262 (citing TEX. CIV. PRAC. & REM. CODE § 33.004(g)).

If the trial court grants the motion for leave, a party may later move to strike the designation if, after adequate time for discovery, "there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE § 33.004(l). The trial court must grant the motion to strike the designation unless the defendant "produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.*

ETMC Athens timely moved for leave to designate the EMT and his employer as responsible third parties, Dunn did not object, and the trial court granted the motion. But Dunn later moved to strike the designation, in part on the ground that the proportionate-responsibility statute does not apply to an employee's negligence claim against an employer that elects not to subscribe to the state's workers' compensation program.[5] In support, Dunn relies on Section 33.002(c)(1),

---

[5] ETMC Athens argues that (1) Dunn waived this argument by failing to object to its motion for leave and (2) Section 33.004(l) allows a subsequent

5

which states that the proportionate-responsibility statute "does not apply to . . . an action to collect workers' compensation benefits under the" Texas Workers' Compensation Act. *Id.* § 33.002(c)(1). The court of appeals denied ETMC Athens's mandamus petition because it agreed with Dunn that her suit against ETMC Athens is "an action for workers' compensation benefits." *E. Tex. Med. Ctr. Athens*, 2023 WL 8103959, at *5. We disagree.

The Workers' Compensation Act protects employees by allowing them to promptly recover compensation for work-related injuries without having to prove that their employer was at fault. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349–50 (Tex. 2000). The Act permits both employers and employees to elect whether to participate in the workers' compensation program. TEX. LAB. CODE §§ 406.002(a), .034; *see Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012) ("[T]he [Act] allows private Texas employers to choose whether to subscribe to workers' compensation insurance. . . . Employees of subscribing employers also have a choice: they may opt out of the system within the prescribed time and retain their common-law rights."). Employers who elect to subscribe must obtain insurance coverage from a licensed insurer or through self-insurance to provide benefits for an employee's compensable injuries. TEX. LAB. CODE § 406.003. If an employer subscribes to the program and the employee does not opt out, those benefits are the employee's "exclusive remedy" for work-related

motion to strike *only* on the ground that no evidence supports the EMT's responsibility for Dunn's injury. Because we reject Dunn's argument on the merits, we need not address these arguments.

6

injuries. *Id.* § 408.001; *see Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 555 (Tex. 2022).

If an employer elects *not* to subscribe to the workers' compensation program, an injured employee may recover damages from the employer for work-related injuries by proving the "negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment." TEX. LAB. CODE § 406.033(d). This is the type of suit Dunn has filed against ETMC Athens. To encourage employers to subscribe to the program, the Act penalizes nonsubscribers by prohibiting them from raising as a defense in such suits that "(1) the employee was guilty of contributory negligence; (2) the employee assumed the risk of injury or death; or (3) the injury or death was caused by the negligence of a fellow employee." *Id.* § 406.033(a). Dunn argues that ETMC Athens cannot designate responsible third parties because a negligence suit against a nonsubscriber is "an action to collect workers' compensation benefits" under the Workers' Compensation Act and the proportionate-responsibility statute does not apply to such an action. TEX. CIV. PRAC. & REM. CODE § 33.002(c)(1).

In support, Dunn relies primarily on the Tyler Court of Appeals's decision in *Kroger Co. v. Keng*, 976 S.W.2d 882 (Tex. App.—Tyler 1998), *aff'd on other grounds*, 23 S.W.3d at 352. Appealing from a jury verdict in favor of its injured employee, the nonsubscribing employer in *Keng* complained that the trial court erred by refusing to submit a jury question inquiring about the employee's comparative negligence in causing the injury. 976 S.W.2d at 885. The court of appeals disagreed,

7

holding that the employer could not rely on the employee's comparative negligence to reduce its liability because Chapter 33 (which at that time provided for "comparative" negligence, rather than proportionate responsibility) did not apply because the employee's claim was an "action to collect benefits [and damages] under the workers' compensation laws of Texas." *Id.* at 891 (quoting TEX. CIV. PRAC. & REM. CODE § 33.002(c)(1)).

In reaching that conclusion, the *Keng* court relied on subsections 406.033(a) and (d), which require an employee to prove a nonsubscriber's negligence and prohibit the nonsubscriber from relying on the employee's contributory negligence as a defense. TEX. LAB. CODE § 406.033(a), (d). Because of these provisions, the court concluded that an employee's negligence suit against a nonsubscribing employer is an action to recover workers' compensation benefits because it involves "a *statutory* burden to prove the negligence of the employer" and is not "governed solely by common law." *Keng*, 976 S.W.2d at 891. "In short," the court explained, "all employers are governed by the Texas Workers' Compensation Act, whether they subscribe or not." *Id.*

On review in this Court, the employer in *Keng* argued that Chapter 33 applied and permitted it to assert the employee's comparative negligence because (1) the suit was not "an action to collect workers' compensation benefits" and (2) although Section 406.033(d) deprives nonsubscribers of the common-law defense of the employee's *contributory negligence*, it does not deprive them of the statutory defense of *comparative responsibility* under Chapter 33. 23 S.W.3d at 348–49. We rejected the employer's second argument and expressly did not reach

8

the first. *Id.* at 352 ("[I]n resolving whether the comparative-responsibility statute applies in a nonsubscriber case, we need not determine, as Kroger urges, whether a suit [against a nonsubscriber] under section 406.033 is 'an action to collect workers' compensation benefits under the workers' compensation laws of this state.'" (quoting TEX. CIV. PRAC. & REM. CODE § 33.002(c)(1))).

We did state in *Keng*, however, that the Workers' Compensation Act permits employees of a nonsubscribing employer to retain "their *common-law* rights." *Id.* at 350 (emphasis added). In fact, although we have never expressly addressed the issue of whether an employee's negligence suit against a nonsubscriber is "an action for workers' compensation benefits under the" Workers' Compensation Act, we have consistently and repeatedly characterized the Act as protecting subscribing employers against "common-law" claims[6] while leaving nonsubscribing employers subject to "common-law" claims.[7] As we

---

[6] *See, e.g., Mo-Vac Serv. Co. v. Escobedo*, 603 S.W.3d 119, 124 (Tex. 2020) ("[T]he Legislature [through the Act] . . . substitute[d] statutory remedies for those at common law."); *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72–73 (Tex. 2016) ("[T]he Act prohibits employees from seeking common-law remedies from their employers by making workers' compensation benefits an injured employee's exclusive remedy."); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 436 (Tex. 2009) ("The Act outlines a process by which a general contractor qualifies for immunity from common-law tort claims brought by the employees of its subcontractors."); *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex. 1974) ("In providing the worker a form of prompt remuneration for loss of earning capacity, the statutory scheme is in lieu of common law liability based on negligence.").

[7] *See, e.g., Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 212 (Tex. 2015) ("[E]mployees . . . must prove all the elements of a common law negligence claim to prevail against nonsubscribing employers."); *Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 187 (Tex. 2012) (stating that nonsubscribing

9

explained over one hundred years ago, the Act provides a statutory "*substitute*" for "damages ordinarily recoverable at common law or by statute on account of injuries suffered by an employee or because of his death, when due to the negligence of the employer or his servants." *Middleton*, 185 S.W. at 558 (emphasis added).

What the Act itself says, however, is of course more important than anything we may have said in passing. Several provisions confirm that the Act distinguishes between a statutory "action to collect workers' compensation *benefits* under" the Act, which a subscriber's employee may bring, and a common-law action to recover *damages* based on negligence, which a nonsubscriber's employee may bring. As we have noted, Section 406.033 provides that, if an employer opts out and does not provide workers' compensation coverage, an injured employee who wishes to "recover *damages* for personal injuries or death" must "prove negligence of the employer" or its agent or servant. TEX. LAB. CODE § 406.033(a), (d) (emphasis added). Conversely, if the employer opts in and provides coverage and the employee does not elect to opt out,

---

employers are "subject to suits at common law for damages" in which employees "must prove the elements of a common law negligence claim"); *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 819 (Tex. 2002) ("Because Excel is a nonsubscriber under the Workers' Compensation Act, Apodaca sued Excel alleging common-law claims of negligence and gross negligence in failing to provide a safe workplace."); *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 549 (Tex. 2001) (characterizing claims against nonsubscriber as "common-law claims" that employees could choose to waive "in exchange for prescribed benefits"); *Middleton v. Tex. Power & Light Co.*, 185 S.W. 556, 559 (Tex. 1916) ("If [employers] do not become subscribers, they are amenable to suits for damages recoverable at common law or by statute on account of personal injuries suffered by their employees in the course of their employment, and are denied the right of making what constitute the common law defenses thereto.").

the employee waives his "right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and scope of the employment." *Id.* § 406.034(a). An employee who does opt out "retains all rights of action under common law," including "the common-law right of action to recover damages for personal injuries or death." *Id.* § 406.034(b).[8] A subscribing employer may not require its employees "to retain common-law rights," but an employee who chooses to do so may sue the employer "under common law or under a statute of this state." *Id.* § 406.034(c), (d).

The distinction the Act draws between "benefits" recoverable from a subscriber under the Act and "damages" recoverable under a negligence claim against a nonsubscriber confirms our conclusion that a negligence claim against a nonsubscriber is not "an action to collect workers' compensation benefits under the Act." Under the Act, the term "benefits" refers to specific types of workers' compensation benefits: medical benefits, income benefits, death benefits, and burial benefits. *Id.* § 401.011(5). A "benefit" is notably different from "damages," which are not limited by the statutory definitions and are only recoverable

---

[8] *See Tex. W. Oaks*, 371 S.W.3d at 187 (explaining that an employee may opt out and "retain the common-law right of action to recover damages for personal injuries or death" (citing TEX. LAB. CODE § 406.034(a), (b))); *Lawrence*, 44 S.W.3d at 552 ("Employees of subscribing employers may choose to opt out of the system and retain their common-law rights in the event they are injured on the job."); *Keng*, 23 S.W.3d at 350 ("Employers were . . . allowed to opt out of the system, resulting in their employees retaining their common-law rights."); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 511 & n.2 (Tex. 1995) (explaining that in the precursor legislation to the Workers' Compensation Act, the basic structure of which has "never changed," "[t]hose [employees] opting out retained their common law right of action, which remained subject to all common law defenses").

11

upon a finding of fault on the part of the employer. *Id.* § 406.033(a), (d). Dunn seeks by her claims to recover damages from ETMC Athens, not "benefits."[9] Even if, as Dunn insists, her claim "arises under" the Act because the Act requires her to prove that ETMC Athens negligently caused her injuries, her claim is not "an action to *collect workers' compensation benefits*" under the Act.[10]

Finally, we note that Section 406.002(b) provides that an employer who subscribes and "elects to obtain [workers' compensation] coverage *is subject to*" the Workers' Compensation Act. *Id.* § 406.002(b) (emphasis added). No similar provision declares that nonsubscribers are "subject to" the Act. Although some of the Act's provisions certainly address and apply to nonsubscribers, nonsubscribers are not "subject to"

---

[9] Dunn seeks damages for "(a) pain and mental anguish; (b) loss of earnings and earning capacity; (c) physical impairment; (d) physical disfigurement; (e) necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices; and (f) punitive damages."

[10] Dunn also argues Chapter 417 of the Act, which covers third-party liability, supports her argument that her claim is one for benefits under the Act. Again, we disagree. Section 417.001(a) allows an employee of a subscribing employer to seek both "*damages* from a third party" and "workers' compensation *benefits*" from the employer—thereby treating benefits and damages as inherently separate types of recovery. TEX. LAB. CODE § 417.001(a) (emphases added). And Section 417.001(b) allows the injured employee to recover from a third party any damages awarded that are greater than the amount of the insurance carrier's subrogation interest, for which the insurer is entitled to reimbursement—i.e., the employee is entitled to any recovery from a third party beyond the benefits amount less the insurer's reimbursement and costs. *Id.* § 417.001(b)(1)–(2). The distinctions Chapter 417 draws between damages and benefits demonstrate that damages are broader than and distinct from benefits and thus confirm that a claim against a nonsubscriber is not an action to collect benefits.

12

the Act like a subscribing employer. Considering the distinctions the Act draws between no-fault statutory claims to collect workers' compensation benefits against subscribers and fault-based negligence claims to recover damages against nonsubscribers, we conclude that an employee's negligence claim against a nonsubscriber is not an "action to collect workers' compensation benefits under" the Act. As a result, Section 33.002(c)(1) does not prevent the proportionate-responsibility statute from applying to an employee's negligence claim against a nonsubscribing employer.

## B. The Act does not prohibit designation of responsible third parties.

As explained, the Act prohibits a nonsubscribing employer from defending against an employee's negligence claim by asserting the employee's contributory negligence, the employee's assumption of the risk, or a fellow employee's negligence. *Id.* § 406.033(a)(1)–(3).[11] Dunn contends that, even if her suit is not an action to collect workers' compensation benefits, Section 406.033(a) prohibits ETMC Athens from designating responsible third parties. In support, she relies on our statement in *Austin* that Section 406.033(a) "prohibits nonsubscribing employers from relying on defenses like assumption of the risk,

---

[11] A nonsubscriber may, however, "defend the action on the ground that the injury was caused (1) by an act of the employee intended to bring about the injury; or (2) while the employee was in a state of intoxication." TEX. LAB. CODE § 406.033(c)(1)–(2). We explained in *Lawrence* that this subsection (c) does not "provide an exhaustive list of defenses available to nonsubscribers" but instead clarifies that subsection (a), which prohibits defenses "based on an employee's (or fellow employee's) fault," does not "protect employees injured as a result of their own intoxication or their own intent to bring about the injury." 44 S.W.3d at 548.

contributory negligence, or *proportionate responsibility*." 465 S.W.3d at 210 (emphasis added).

Our paraphrasing of Section 406.033(a) in *Austin*, however, must be read in the context of that case, which involved a nonsubscriber's efforts to rely on the *injured employee's* awareness of the risks to avoid liability on the employee's common-law-negligence claim. Within that context, our statement was intended only to explain that Section 406.033(a)'s references to "contributory negligence" and "assumption of the risk" prohibit a nonsubscriber from relying on the injured employee's knowledge or negligence to reduce or avoid its liability under the proportionate-responsibility statute. *Id.*[12]

We explained in *Austin* that since the adoption of the proportionate-responsibility statute, "[t]he same facts that tended to prove assumption of the risk or contributory negligence may now be used to diminish a plaintiff's recovery by demonstrating that the *plaintiff* bore some portion of the responsibility for his own injuries, or even to preclude the plaintiff from recovering at all by demonstrating that the *plaintiff* bore more than 50% of the responsibility for his own injuries." *Id.* (emphases added). And in the next paragraph we explained that Section 406.033(a) prohibits a nonsubscriber from asserting that "*the employee bears some portion of the responsibility for his own injuries*."

---

[12] *See Austin*, 465 S.W.3d at 210 n.17 ("Proportionate responsibility abrogated former common law doctrines that barred a plaintiff's recovery because of the *plaintiff's* conduct—like assumption of the risk, imminent peril, and last clear chance—in favor of submission of a question on proportionate responsibility." (emphasis added) (citing *Dugger v. Arredondo*, 408 S.W.3d 825, 832 (Tex. 2013))).

*Id.* (emphasis added). We did not purport in any way to address in *Austin* the effect a *third party's* responsibility would have on an employee's negligence claims against a nonsubscribing employer.

As the context confirms, our statement in *Austin* merely recognizes that Section 406.033(a) waives a nonsubscriber's defenses that are based on—and thus prohibits proportionate responsibility that is based on—its *employee's* knowledge and negligence. On its face, Section 406.033(a) does not preclude apportionment generally—it simply "discourages employers from opting out of workers' compensation insurance by prohibiting a nonsubscriber from asserting that its employee was contributorily negligent, assumed the risk, or that a fellow employee's negligence caused the employee's injuries." *Keng*, 23 S.W.3d at 350 (citing TEX. LAB. CODE § 406.033(a)). We thus conclude that Section 406.033(a) does not prevent ETMC Athens from designating responsible third parties under the proportionate-responsibility statute.[13]

---

[13] Dunn also contends that Chapter 417 of the Act supports her position because it creates a separate proportionate-responsibility scheme for subscribing employers. She argues that this scheme prohibits nonsubscribers from using proportionate responsibility to reduce their liability because an employee of a nonsubscribing employer should not be permitted to recover less from her employer in damages than she would have received in benefits (that is, the employer's liability should not be reduced, based on proportionate responsibility, to less than what it would have otherwise paid in benefits), as that would be contrary to the intent of the Act. *See* TEX. LAB. CODE § 417.001. We disagree because (1) Chapter 417 applies only to subscribers and does not act as a limit on nonsubscribers and (2) third-party liability does not deplete a nonsubscriber's employee's recovery in contravention of the Act, it only determines how much the employer is required to contribute.

**C. Sufficient evidence of the third parties' responsibility exists.**

Finally, ETMC Athens argues that the trial court abused its discretion because the record contains at least some evidence that the EMT and his employer bear some responsibility for causing Dunn's injuries. The proportionate-responsibility statute does not permit the determination of a responsible third party's responsibility "without sufficient evidence to support the submission." TEX. CIV. PRAC. & REM. CODE § 33.003(b). For this reason, a trial court must grant a motion to strike a designation if, after adequate time for discovery, the defendant fails to produce "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* § 33.004(l).

ETMC Athens contends that the record contains sufficient evidence to create a fact issue on the EMT's and his employer's responsibility for causing Dunn's injuries. Specifically, it relies on

---

Section 417.001(b) applies only "[i]f a benefit is claimed by an injured employee or legal beneficiary of the employee"—meaning it is only applicable where the employer is a *subscriber* because only then can an employee claim *benefits* under the Act. *Id.* § 417.001(b). And when it applies, "the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary." *Id.* Again, the text makes clear that Chapter 417 applies solely to subscribers, as nonsubscribers do not carry such insurance coverage. And "[t]he insurance carrier's subrogation interest is limited to the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary," less any reduction for proportionate responsibility attributable to the employer, meaning this chapter is only relevant where a *subscribing employer's* insurance carrier has paid out benefits. *Id.* Thus, Chapter 417 governs third-party liability when the employee is covered by workers' compensation. Further, proportionate responsibility does not decrease Dunn's recovery, it simply determines the amount that ETMC Athens must pay.

16

evidence submitted by Dunn herself, including expert testimony on the EMT's duties, breach, and causation; testimony from Dunn and her co-worker (both emergency-department nurses) that the EMT negligently harmed Dunn; the EMT's own admission that, if he did what Dunn accused him of doing (which he denied), he would have been negligent and violated an EMT's standard of care; and Dunn's treating physicians' testimony that a strike from a stretcher caused her injuries.

In response, Dunn argues that ETMC Athens must produce its own expert testimony to establish an EMT's standard of care and that the EMT caused Dunn's injuries by violating that standard. Relying on the Tyler Court's decision dismissing her own claims against the EMT because she failed to timely provide an expert report, Dunn argues that the Texas Medical Liability Act and the "law of the case" require ETMC Athens to provide its own expert report supporting the EMT's responsibility. "As ETMC Athens did not designate an expert on *any* topic," she argues, "there is no such evidence in the record."

We disagree. To begin, the Tyler Court dismissed Dunn's claims against the EMT and his employer because the Medical Liability Act required her, as a "claimant," to timely produce expert reports supporting her health care liability claims. *See ETMC EMS*, 2020 WL 562971, at *8; *see also* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2) ("'Claimant' means a person . . . seeking or who has sought recovery of damages in a health care liability claim."), (13) ("'Health care liability claim' means a cause of action against a health care provider or physician . . . ."). But because ETMC Athens is not a "claimant" asserting a health care liability claim, the Medical Liability Act does not

17

apply and does not require it to produce expert reports. *See Tex. W. Oaks*, 371 S.W.3d at 178–79 ("Only claimants are obligated to serve expert reports on physicians or health care providers" and "a 'claimant' is broadly defined as a 'person' . . . bringing [a health care liability claim]." (citing TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2))).

Dunn argues, however, that the Tyler Court's holding that *she* could not establish her health care liability claims against the EMT without expert testimony is now binding on ETMC Athens's attempt to assign responsibility to the EMT as well. But ETMC Athens is not asserting a health care liability claim under the Medical Liability Act, and any finding of responsibility on the part of the EMT or his employer will impose no liability on them. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(i). Moreover, at this point, the proportionate-responsibility statute only requires ETMC Athens to submit sufficient evidence to create a fact issue regarding the EMT's responsibility. *See id.* § 33.004(l); *see also Gregory v. Chohan*, 670 S.W.3d 546, 566 (Tex. 2023) (plurality op.) ("The similarity between the statutory responsible-third-party standard and the no-evidence summary judgment standard is obvious."). Neither the Medical Liability Act nor the proportionate-responsibility statute require ETMC Athens to produce expert testimony to create a fact issue sufficient to survive Dunn's motion to strike. *See* TEX. R. CIV. P. 166a(i) cmt. ("To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.").

18

We need not further detail the evidence here. Having reviewed the record, we conclude that it contains sufficient evidence to create a fact issue regarding the EMT's and his employer's responsibility for causing Dunn's injuries. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) ("[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact.").

Because the proportionate-responsibility statute applies to an employee's negligence claim against a nonsubscribing employer, the Workers' Compensation Act does not prohibit the employer from designating responsible third parties, and sufficient evidence supports the designation here, we conclude that the trial court abused its discretion in construing and applying the law when it granted Dunn's motion to strike ETMC Athens's designation of the EMT and his employer as responsible third parties.

### III.
### No Adequate Remedy by Appeal

ETMC Athens is only entitled to mandamus relief if, in addition to demonstrating a clear abuse of discretion, it establishes that it has no adequate remedy by appeal. *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). We held in *Coppola* that a defendant who shows that the trial court abused its discretion by denying a motion for leave to designate responsible third parties necessarily lacks an adequate appellate remedy because the improper denial "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in

19

ways unlikely to be apparent in the appellate record." *Id.* at 509–10 (citing *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81–82 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied])). We have since reaffirmed this holding in a number of similar cases. *See, e.g.*, *In re YRC Inc.*, 646 S.W.3d 805, 810 (Tex. 2022) (orig. proceeding) (per curiam); *Gonzales*, 619 S.W.3d at 264–65; *Mobile Mini*, 596 S.W.3d at 787–88.

Although *Coppola* addressed the erroneous denial of an initial motion for leave to *designate* a responsible third party, we have noted that a court's erroneous *striking* of a party's RTP designation is at least "arguably analogous." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 526 (Tex. 2022) (orig. proceeding) (denying mandamus relief because the trial court properly struck the designation). In both situations, the denial of relief would impair the defendant's "significant right" to "allow the fact finder to determine the proportionate responsibility of all responsible parties." And in both situations, the same substantive right is involved. We conclude that, by demonstrating that the trial court abused its discretion by striking its designation of the EMT and his employer as responsible third parties, ETMC Athens has necessarily demonstrated that it lacks an adequate appellate remedy.

## IV.
## Conclusion

Having concluded that the trial court abused its discretion by striking ETMC Athens's designation of responsible third parties and that ETMC Athens lacks an adequate remedy by appeal, we conditionally grant mandamus relief and order that the trial court vacate that order.

_____
Jeffrey S. Boyd
Justice

**OPINION DELIVERED:** April 25, 2025